The opinion of the Court (Thacher and Wilde, Justices, dissenting) was read by Wilde J. at May term 1823, at Springfield, as drawn up by
Parker C. J.
[After a statement of the facts.] Whether these facts constitute a good bar to the present action against the sheriff, is the question for us to determine.
It has been argued by the defendant’s counsel, that if the sheriff is to be considered a co-trespasser with his deputy, in any tortious act done by the latter, a judgment recovered against the deputy, without satisfaction, is of itself a bar ; but although this principle may be supported by some of the older authorities, the more modern decisions seem to maintain, that nothing short of satisfaction of a judgment against one, will bar an action against his fellows. The cases to this point are well summed up in Metcalf’s edition of Yelverton, page 67, and the lesult seems to be as is above stated. We do not, however, decide this case upon this point, because we do not find any cases of trespass de bonis asportatis in which the doctrine has been applied ; and there may be good reason for a distinction between this, and trespass for a personal wrong or injury done to property. The case commented on by the learned editor of Yelverton, was trover for goods ; and a judgment and exe *67 millón sued against a joint tortfeasor was held a good bar ; and i¡ is stated in the note, that no case has been found in which this doctrine has been overruled. The principal reason assigned by the court for their opinion is, that by the judgment in trover against one, the property in the goods converted is vested in the party sued. If this reason is sufBcent to maintain the judgment of the court in that case, it is not easy to see why the same doctrine will not apply to trespass de bonis asportatis ; for by a judgment the property of the goods will vest in the defendant, and, as no co-trespassers are entitled to contribution among each other, it would seem unjust that one should have all the property, and another pay all the damages.1 2No doubt, in the case of joint and several obligors, promisors, and trespassers for personal injuries merely, the law is well settled ; and in 3 East, 258, Lord Ellenborough’s expressions are broad enough to comprehend all manner of trespasses ; for he says, “ A judgment recovered in any form of action is still but a security for the original cause of action, until it be made productive in satisfaction to the party ; and therefore till then it cannot operate to change any other collateral concurrent remedy which the party may have.” But his Lordship obviously had reference to cases of several securities for the same demand or contract, and his general expressions must be considered as limited to cases of the nature of that which was before him. This question may be considered as not entirely settled, and as there is another point upon which this cause may be determined, we do not give any decisive opinion upon it.[2]
The point upon which a majority of the Court are agreed, is, that the sheriff and his deputy are not to be considered as joint trespassers in any tort done by the latter alone, so as to subject them either to a joint action, or to give the party in *68 jured a right to bring his action against one, after having recov ered judgment and sued out execution against the other.[1]
~ The sheriff is considered by the law as a trespasser for the. act done by his deputy, rather by fiction of law, for the better security of the party, than from analogy to the principles which constitute .joint trespassers generally. He neither does the act himself, nor is present aiding and abetting, nor is it done by his express command. The deputy is to be considered as acting under the command of the law, as much as the sheriff himself would be, if the act were done by him. He acts upon each particular precept independently of his master’s orders ; and he cannot, while he remains in office, be prevented by the sheriff from executing any precept which comes lawfully into his hands. The relation of sheriff and deputy is not in all respects like that of master and servant ; as, for instance, a master cannot be sued in trespass for any act wilfully done, without authority from him, by the servant, though he is answerable in case for the damages occasioned by the negligent, careless, or unskilful conduct of the servant in any matte: coming within- his duty as a servant.
This principle appears to have been settled in the case of M'Manus v. Cricket, 1 East, 106, after great deliberation, and a consideration of all the authorities. But in the case of an action against a sheriff for a tortious act done by his deputy, it is held here, as well as in England, that trespass only lies, although he were not present, and did not command the act. In the case of Grinnell v. Phillips, 1 Mass. Rep. 530, the doctrine was established, and the practice has been conformable to it ever since ; and in a former action between these parties, for the same taking which is the ground of the present action, it was determined by this Court that trespass, and not case, was the proper action, where the sheriff was charged with the act of his deputy.[2]
The liability, therefore, of the sheriff arises from the peculiar relation which exists between him and his deputy, and is imposed by law, in order that he, being always a responsible per *69 son, may stand as a substitute for the deputy, when any wrongfui act is done. It has even been questioned, whether any action wi.l lie against the deputy for any official misdemeanour of ' his own, and it was only because the deputy was in some sort, according to our statutes, an independent officer, that an action was held to lie ; as in the case of Draper v. Arnold, 12 Mass. Rep. 449; where it was intimated by the Court, that the plaintiff had his election to sue the sheriff or his deputy. That they have not been considered co-trespassers may be inferred from the circumstance, that no action has been brought against the two together, within the knowledge of any of the Court. There are inconveniences attending the doctrine contended for by the plaintiff’s counsel, which would make us regret that it had been established as law. The plaintiff having elected to sue the deputy, leaves the sheriff without any right to pursue his remedy upon the bond as long as the process may remain in court, and perhaps ignorant of the cause of the action pending ; he will therefore see no occasion to call on the sureties, and in the mean time the circumstances may be so changed that he may lose his indemnity. Or, if the sureties remain good, they will be likely to suffer by the delay, as they will have no cause of action against the deputy, until they are called upon by suit. In the mean time, the man who did the mischief will have acquired a right in the goods taken, by the judgment against him ; so that he may gain by his misconduct, while all who are responsible for him may be sufferers.
It is sufficient for a party suffering by the act of a minister of the law, that he has the option of suing the officer who did the act, and the creditor who commanded it, in case of attachment or levy upon goods, and also may elect to bring the action immediately against the superior officer, who is held constructively to have done the act himself, instead of the deputy. If he chooses to sue the deputy, and proceeds to judgment against him, and sues out his execution, there can be no good reason for allowing him afterwards to resort to the sheriff, at the hazard of the consequences which have been suggested.[1]
The plea in bar is therefore good.
*70 Wilde J.
Not being able to concur in the opinion of a majority of my brethren, I think it proper to state very briefly the grounds of my own opinion ; to all the material parts of which I understand my brother Thacker to assent.
T wo questions are to be considered : — 1. Whether, upon the facts admitted, the sheriff and the deputy may be considered as joint trespassers : — 2. And if so, then, whether an unsatisfied judgment against one trespasser can be well pleaded in bar to an action against a co-trespasser.
1. It is agreed by all, that on the facts in the case, an action may be maintained against either the sheriff, or the deputy, at the election of the plaintiff. Against the latter, because the injury complained of was his voluntary act; and against the former, because the act was, in contemplation of law, authorized and commanded to be done by him. Whatever is done by the deputy, by color of his office, is presumed to be authorized by the sheriff; and on this ground alone can an action of trespass be maintained against, him, without proof of an express assent on his part to the act done, or a subsequent recognition of it. Ackworth v. Kempe, 1 Doug. 40. It seems to me equally clear, that whenever a trespass is'committed by a deputy, by color of his office, the party injured may have a separ ate action against the sheriff, and another against the deputy ; and may proceed to judgment in either. The pendency of an action against the deputy, could not be pleaded in abatement in an action against the sheriff. If this be true, I cannot imagine what objection could be made to a joint action against both ; or how such a case is to be distinguished from the general principle, that where one commits a trespass by the command of another, both are trespassers. It is said that no case can be found of a joint action against the sheriff and the deputy. It may be so. And before the case of Grinnell v. Phillips, 1 Mass. Rep. 530, no action of trespass, I believe, bad ever been brought, in this State,'against a sheriff for the misfeasance of his deputy ; and it was then much doubted, whether an action in that form could be maintained. It is rarely necessary to sue both the sheriff and the deputy, as satisfaction can commonly be obtained of the sheriff. The argument, therefore, derived merely from the silence of the books on ibis *71 point, has but little weight. But it is said that the plaintiff had only the election to sue either the sheriff, or the deputy, and I admit that there are cases, which seem, in some measure, to countenance this position.
In the case of Peshall v. Layton & al. 2 D. & E. 712, it was held that the sheriff and the bailiff are not both answerable for separate penalties for the same act ; but in that case the plaintiff contended for two penalties, and the principal question decided was, whether by the act of parliament he was thus entitled to recover. If the plaintiff in that case had brought a joint action against the sheriff and the bailiff for one penalty, it would have presented a different question. And the counsel for the defendant in that case seems to admit that such an action might be maintained. 2 D. & E. 512.
The right of election as laid down in the case of Rawson v. Turner, 4 Johns. Rep. 469, is not applicable ; the plaintiff was held to his election in that case, because the remedies aga’nst the old and the new sheriff for the escape of a prisoner were inconsistent ; but it is there said, that where a party has concurrent remedies for the same cause of action, which accrues against all at the same time, the proceedings may be carried on to judgment, though the plaintiff is limited to a single satisfaction. I do not, therefore, consider these cases as decisive, and upon general principles I am of opinion that the sheriff and the deputy may be treated as joint trespassers. The law looks upon them as one person, and they may therefore well be sued together. Saunderson v. Baker, 3 Wils. 317.
2. In regard to the other question, there are contradictory decisions, but by the current of authorities the general principle is well established, that where there are collateral concurrent remedies for the same cause of action, a recovery against one person without satisfaction is no bar to an action against another. This doctrine is laid down by Lord Ellenborough in the case of Drake v. Mitchell & al. 3 East, 258, and is recognised in sundry modern cases. Livingston v. Bishop & al. 1 Johns. Rep. 290; Rawson v. Turner, 4 Johns. Rep. 475.
This is the acknowledged rule of law in actions against the drawers and indorsers of bills of exchange, and against coobligors who are severally bound in the same bond. And the *72 law is the same m relation to co-trespassers. Bro. Abr. Judgmerit, pl. 98. There is no difference in this respect between joint contracts and joint torts. The distinction made in the case of Brown v. Wootton, Yelv. 67; Cro. Jac. 73; Mo. 762, where a contrary doctrine was held, has been frequently denied to be law. The doctrine of transit in rem judicatam applies only to cases where the person, against whom judgment has been recovered, is sued again on the original cause of action. And, thus limited, it is a wise and reasonable doctrine. For if the law were otherwise, the defendant might be harrassed by successive suits, until the plaintiff might succeed perhaps in obtaining unreasonable damages. The doctrine therefore in that case was, I think, misapplied, and the distinction fails. The ground taken by Fenner J., according to the report of the case in Croke, appears at first more reasonable, but it is inconsistent with the doctrine as laid down by Brooke, (Abr. Judgment, pi. 98,) that co-trespassers may be sued severally, and entire damages recovered against each. It cannot be maintained, I think, that the mere recovery of judgment for damages in trover or in trespass for goods will operate so as to vest the property in the defendant. If two take the goods of another, or convert them to their own use, and judgment is recovered against one, and afterwards the other pays the value, with or without suit, the property will vest in them jointly, or in him who pays the price. The maxim is, Solutio pretii emptionis loco habetur. It is true, I have found no case where this has been expressly detérmined, but it results from the principles laid down in the cases before referred to. I am therefore of opinion, that the plaintiff, not having obtained satisfaction by his former suit, is by law entitled to recover in this action.

Replication adjudged bad.

 See 1 ?**rVie on E* d. (Metcalf’s Ed.) 198, 199, 200; 3 Ibid. 1281, 1504.

 But see Morgan v. Chester, 4 Conn. R. 388.

 17 Mass. Rep. 244.

 Contra, Morgan v. Chester, 4 Conn. R. 387.

Where a coroner had seised certain "goods on execution, and the owner recovered judgment, in an action of trover for the goods, against the person at whose suit the goods were seised, on which judgment an execution was issued but not satisfied, it was held that the judgment in trover was a bar to an action of trespass de bonis asportatis brought by the owner against the coroner. White v. Philbrick, 5 Greenl. 177.