JOHN H. SANDERSON vs. SAMUEL CALDWELL.

Bennington,
February,
1826.

A judgment in an action of trover or trespass, without satisfaction, is not a bar to another action against a different person, for the same tort.

THIS was an action of trover, for twenty tons of hay, brought by the plaintiff against the defendant and one *John Melvin.*  A *non est inventus* was returned as to Melvin.

The defendant pleaded the general issue, accompanied with the following special notice :    "And the defendant will give in evidence under the general issue, pursuant to the statute in such case made and provided, that heretofore, to wit, on the 27th

*Bennington,*
*February,*
*1826.*

Sanderson
*vs.*
Caldwell.

day of November, 1820, the plaintiff in this suit commenced his suit or action in a plea of trespass on the case against *Joel Gilson, Gideon Dayton, Reuben Dayton, Samuel Dayton, Samuel Caldwell,* and *John Melvin,* demanding in damages the sum of five hundred dollars, on occasion of, and for the identical cause of action in the present suit named and no other; and that such proceedings were therein had, that at the Supreme Court began and holden at, &c. on, &c. being the 12th day of February, 1822, the plaintiff, by the consideration of said court, recovered against the said *Joel Gilson, Gideon Dayton, Reuben Dayton,* and *Samuel Dayton,* in that plea, the sum of ninety dollars, damages, and thirty-eight dollars and thirty-four cents for his costs, for the identical cause of action, in the present suit named, and no other, as by the record thereof now remaining in the same court, and ready to be shown here, more fully appears; and afterwards, to wit, on the 1st day of March, 1822, execution was in due form of law issued upon said judgment, which execution afterwards, to wit, on the 30th day of April, 1824, was duly returned into the office of the clerk of the said Court."

The cause came on for trial on the issue aforesaid, at the February term of this Court, 1825. On the trial, the plaintiff, to maintain the issue on his part, offered evidence tending to show that he, as constable of the town of Sandgate, had attached, at the suits of *Zac. Fitch* and others against *Welden Shipley,* and levied writs of execution in favour of the same persons against the same, upon the hay described in the declaration, and that the same hay had been converted by the defendant.

The defendant then offered in evidence in his defence, the several matters specified in his notice; the plaintiff objected, on the ground, that without satisfaction of that judgment, the evidence offered would be irrelevant, and also, that the evidence offered could not be received under the issue and pleadings of the parties in this cause. And the evidence was rejected by the Court.

To this decision of the Court the defendant excepted. A verdict having been returned for the plaintiff, and the foregoing exceptions allowed, the defendant now moved the Court, that the verdict be set aside, and a new trial granted him, for the cause appearing in the exceptions aforesaid.

*Sheldon,* for the defendant, in support of the motion. The testimony offered by the defendant, was rejected by the Court as inadmissible, upon the ground, 1st, that it was irrelevant; as, *without satisfaction* of the judgment, it would not have the operation to destroy the plaintiff's right of action. And 2d, that whether the judgment was satisfied or not, the evidence was not admissible under the *general issue.*

For the rejection of this testimony the counsel for the defendant claims a new trial, and contends, that the recovery against *Joel Gilson* and others, has the operation to bar a subsequent prosecution against a joint tort feaser. For,

*Bennington,
February,
1826.*

Sanderson
vs.
Caldwell.

1st. It will have the effect to prevent litigation and multiplicity of actions. When two or more are jointly guilty of taking and converting the personal property of another, the party injured has an election, either to seek a remedy against one, or more, or against them all, jointly, and by this election he is concluded, provided a recovery is had upon the prosecution. And in this action the party injured has all the advantages secured to him that he can have, by allowing separate prosecutions and separate recoveries against each tort feaser. In a joint prosecution, the party injured has the responsibility of them all, for the payment of damages recovered, as well as in separate recoveries, and it is apprehended, that a joint prosecution is more expeditious and less expensive to both parties than separate prosecutions or separate recoveries. It is likewise true, that in a joint prosecution, as well as in separate prosecutions, some of the defendants may be found guilty, and some not guilty, and by a proper adoption of pleas by the defendants, damages may be assessed against each differently, according to their respective degrees of guilt. If the principle be true, that the same advantages result to the parties in a joint prosecution, that result in separate prosecutions, it is asked upon what principle separate recoveries are allowed, and why this exception to the general rule, "*Expedit reipublicae ut sit finis litium.*" Even the practical inconvenience resulting from such a principle presents an unanswerable argument against it. Many prosecutions may be pending at the same time, and indeed a whole term of the court may be employed in the investigation of that, which in fact amounts to but one simple cause of action; and upon each trial, the jury upon the same testimony, and under the direction of the same charge, may assess the damages at different sums! And is the principle then to be established, that a party has a right to recover his damages against whom the highest judgment is rendered, and then to take his execution for the costs in each respective prosecution? To say it, is saying no less than that the principles of the law have become the greatest sources of corruption, and the most powerful engines of oppression.

That the testimony offered on the trial, has the operation to bar this action, appears not only from the above reasons, but it is established by the great current of authorities, both ancient and modern. Thus,

2d. It has been held, that a recovery in the action of trespass or trover, against one jointly guilty with others, is a total merger of the cause of action as against all the individuals guilty. "That which was rendered uncertain, is rendered, by the judgment of the Court, certain; that which sounded in tort, sounds in contract, for the cause of action by the judgment *transit in rem judicatum.—See Croke Jac.* 73, *Brown* vs. *Wooten.—Yelv.* 67.—5 *Bac. Abr.* 440.—6 *Bac. Abr.* 589.—1 *Chit. on plead.* 76, 77, n. 62.—*Bull. N. P.* 20.—1 *Hen. and Mumf. R.* 450, *Murrel* vs. *Johnson* et al.—2 *Hen. & Mumf. R.* 355, *Wilkes* vs. *Jackson.*—1 *Swift's Dig.* 532, 539.—*Ham. on parties,* 349.—2 *Bos. & Pul.* 70, *Mar-*

Bennington,
February,
1826.

Sanderson
vs.
Caldwell.

tin vs. *Kenedy.—4 Taunt. R.* 87, 88, *by Lawrence, justice.—1
Morgan's Vade mecum,* 21.—*1 Pick. R.* 62, *Campbell* vs. *Phelps.*

3. It is not only a merger of the cause of action as against all the individuals guilty, but the recovery by operation of law transfers the property from the plaintiff to the defendant, in the first prosecution, and the plaintiff has damages in lieu thereof, and therefore the allegation in the declaration, which in the action of trover is material and traversable, is not true; "that the plaintiff is seized, as of his own property."—*See* 2 *Str. R.* 1078, *Adams* vs. *Broughton.—2 Phillip's Ev.* 121.—*5 Bac. Abr.* 440.

4. Upon common law principles, separate actions could not be commenced against each tort feaser. The first could be plead in abatement to those subsequently commenced.—*See Carthew R.* 26, *Rawlinson* vs. *Oviatt* et al.—1 *Camp. R.* 60.—1 *Chit. on Pl.* 443.—1 *Swift's Dig.* 532.

5. So, if a joint prosecution was commenced against all the individuals guilty, and before judgment, a *nolle prosequi* is entered as to one, and a recovery is had against the others; that recovery will bar a subsequent action against him, in favour of whom the *nolle prosequi* was entered.—1 *Saund. R.* 207, *n.* 2.

6. So, when one of the individuals guilty and the party injured, submit to arbitration, the award, when made, will operate as an extinguishment of the trespass as against them all, and bar a subsequent prosecution.—*See* 1 *Bac. Abr.* 209.—1 *Swift's Dig.* 473.

In this respect there is a great similarity between joint contracts and actions *ex delicto.* If an action is brought against one joint contractor, and he neglects to plead the non joinder in abatement, but suffers a recovery against him, the other contractors at law are discharged, (1 *Chit. on Pl.* 29, 30) and equity will not interfere, only in cases of a surety and gross insolvency. And the reason is apparent; the contract of one becomes amalgamated, and is considered the contract of them all; or, the joint contract is considered as presenting but one undivisible claim. And when that claim is merged by a judgment as to one into a claim of a higher nature, it operates as a merger to all. So, in actions *ex delicto,* the act of one is considered as the act of all; it becomes perfectly amalgamated, and is considered as their united act. And therefore, when the cause of action is merged as to one, it is merged as to all.

The decisions of the Supreme Court of New-York and Connecticut, (1 *Johns. R.* 290, *Livingston* vs. *Bishop,* and 3 *Conn. R.* 214, *Sheldon* vs. *Kibble,*) establishing a contrary principle, are based upon a great similarity they make between actions *ex delicto* and joint and several contracts, "they say, that as on joint and several contracts, a party can maintain separate prosecutions against each contractor, and proceed to separate recoveries, so in actions *ex delicto* the party can maintain separate prosecutions, and proceed to separate recoveries against each tort feaser;" but it is believed that an instance cannot possibly be found, where reasoning more falacious and more artificial has ever been

*Bennington,*
*February,*
*1826.*

*Sanderson*
*vs.*
*Caldwell.*

adopted. It is asked, upon what principle separate prosecutions are allowed in actions *ex contractu,* where they are jointly and severally liable. It is a well settled rule, that if on such a contract the party commences a joint prosecution, and after judgment one dies, the estate of the deceased is discharged, and the party's only remedy is against the survivors; but it is reasonable, that as the estate is benefitted by the receipt of the consideration of the contract, that the estate should be made responsible for the satisfaction of the debt, and the only way to preserve its responsibility, is by commencing separate prosecutions. (1 *Chit. on Pl.* 30, 31.—*2 Burr.* 1190, *Enys* vs. *Donnethorne.)* Thus, we see we make the party's security much greater by allowing separate recoveries in joint and several contracts, as it preserves his lien against the estate of one deceased; but a party's security is not made any greater by allowing separate recoveries in actions *ex delicto;* for upon the death of one tort feaser the party can have no action in form *ex delicto* against the estate of the deceased, for the principle will apply *"actio personalis moritur cum persona."* Destitute of that reason in joint and several contracts, it is apprehended a different principle would there apply. It is asked, then, what analogy there exists between the two cases? Again the reason why in actions *ex contractu* a judgment against one is not a bar to a subsequent action, is this, "each action is brought on a distinct promise; the promise of one is not the promise of the other, nor will a judgment on the former merge the latter. The promise of each is to pay the debt, and until that is done the promise is not performed. The judgment merges the promise only on which it is had, and not concurrent distinct promises." If the analogy was complete between torts and joint and several contracts, why could not a party sue two out of three jointly and severally liable on contracts, as well as in actions *ex delicto.* The principle decided by Lord Ellenborough, in *Drake* vs. *Mitchell,* 3 *East. R.* 258, and so much relied upon by the courts of New-York and Connecticut in their decisions, is correct in its application to the case then under consideration, which was an action of covenant where the covenanters became jointly and severally obligated, "a judgment in those cases is but a security for the original cause of action, until it be made productive in satisfaction to the party." But reason and authority forbid the further extension of the principle to actions in form *ex delicto.* If the Court should be of opinion, that a *bare recovery* would not be sufficient to bar the action; yet, an execution issued upon that judgment, although it is returned unsatisfied, will discharge all persons liable upon the original cause of action; for that will be deemed his election *de melioribus damnis.*—1 *Johns. R.* 290, *Livingston* vs. *Bishop.*—11 *Coke's R.* 5, *Sir John Heydon's case.*

*Secondly.* If the testimony offered has the operation to defeat the plaintiff's right of action, we contend that the testimony is admissible under the general issue. For,

*Bennington,*
*February,*
*1826.*

Sanderson
*vs.*
Caldwell.

1st. Any testimony that tends to disprove any of those facts that the plaintiff would be bound to prove in the first instance, in order to support his action, is admissible under the general issue.—1 *Chit. on Pl.* 497–98.—4 *Mod. R.* 405, *Gibbons* vs. *Pepper.*

2d. Under the general issue, the plaintiff, to support his action, would be bound to prove the allegation in his declaration, "that he was seized, as of his own property." The testimony offered tends to disprove the facts, by showing the property in the goods in *Gilson* and others.—2 *Str. R.* 1078, *Adams* vs. *Brougton.*—2 *Phillip's Ev.* 121.

3d. That the plaintiff in the action of trover must recover upon the strength of his title, and that the defendant may show an outstanding title in a third person, without in any way connecting himself with that person, and thereby defeat the plaintiff's action, is clearly established by authority.—11 *Johns. R.* 529, *Schemehorn* vs. *Vanvalkenburg.*—14 *Johns. R.* 128, *Kenedy* vs. *Strong.*—2 *Phillip's Ev.* 121, *n.* (*a.*)

The argument used, that it is necessary to plead the former recovery specially, so that the opposite party can take the issue of *nul tiel record,* applies with as much force to actions on the case, as to actions of trover, where it is a settled principle, that "former recovery" can be given in evidence under the general issue.—1 *Chit. on Pl.* 486–87.—5 *Bac. Abr.* 442, *n.* (*a.*)—2 *Str.* 783.—3 *Burr.* 1353.—1 *Show.* 146.

*Sargeant,* contra, contended, that a judgment against one tort feasor is no bar to an action against others. The case in *Yelverton,* he said, had been overruled, and referred the Court to the notes attached to the case by the reporter. Though the question had been much litigated formerly, all the modern cases have required more than a recovery simply to bar a subsequent action against a co-trespasser. And he cited *Hammond on parties to actions,* 85.—3 *Com. R.* 214, *Sheldon* vs. *Kibbe.*—1 *Johns. R.* 290, *Livingston* vs. *Bishop.*—6 *ib.* 26, *Thomas* vs. *Ramsey.*—1 *Pickering's R.* 62.—6 *Mass. R.* 80.—3 *East,* 258.—3 *Burr.* 1345.—4 *Term R.* 649.—3 *Viner,* 334.

*Smith,* on the same side. In actions *ex contractu,* the law is well settled, that judgment against one is no bar against others. Courts of law are instituted to do justice. If, then, the Court decide that *this* judgment is a bar, it must be on the ground of some technical rule. The case in Yelverton is the first case in which the Court decided, that a bare judgment was a bar. Two reasons are given for the decision ; first, that the cause of action is merged ; secondly, that the property is changed. Neither is sound. The first is applicable only to cases of contract ; the second is unsound, because the property does not vest in him who has judgment against him, but remains in him who happens to have it.

*Bennington,*
*February,*
*1826.*

~~~
Sanderson
*vs.*
Caldwell.

PRENTISS, J. delivered the opinion of the Court.

The question presented is, whether a judgment in an action of trover or trespass, without satisfaction, is a bar to another action against a different person, for the same tort.

It is a general principle of law, that where there are collateral concurrent remedies for the same cause of action, a recovery against one person, without satisfaction, is no bar to an action against another. It is admitted, in relation to joint and several contracts, that there may be separate suits, and a recovery had against each obligor or promisor, and nothing but a satisfaction will be a bar; and it is not easy to see why the same principle should not prevail in torts. But it seems that in *Brown* vs. *Woolton,* Cro. Jac. 73, Yelv. 67, it was determined, that a mere recovery of judgment, in an action of trover against one, might be pleaded in bar to a second action against another person for the same cause, without averring satisfaction. This appears to be the only adjudged case in which such a doctrine is held, and all the elementary writers, who lay down a similar position, refer to this case. It is however said in 1 *Chit. Pl.* 76, on the authority of a *nisi prius* case of *Boyce* vs. *Bayliffe,* 1 Campb. Cas. 60, and a gratuitous saying of *Lawrence* J. in *Warden* vs. *Bayley,* 4 *Taunt.* 87, that where separate actions are commenced against several defendants for the same act of trespass, the pendency of the first may be pleaded in abatement of the second ; and this would seem to be the necessary consequence of the doctrine in *Brown* vs. *Woolton.* But this is opposed to the principle which runs through all the authorities, that a separate trespass attaches to each of the parties individually, and the plaintiff may sue all or any of them, or bring separate suits against each. (*Haydon's case,* 11 Co. 5.----*Mitchell* vs. *Tarbutt,* 5 *T. Rep.* 649.----*Sutton* vs. *Clark,* 6 *Taunt.* 29.----*Baker* vs. *Lavett,* 6 *Mass.* 78.---- *Thomas* vs. *Rumsey,* 6 *Johns. Rep.* 30.) If all the trespassers are answerable individually, and separate actions may be had against each, it must follow that a recovery against one is not of itself a bar to a recovery against another ; for it would be idle to hold that separate actions may be brought, unless they may be prosecuted to judgment. It is laid down in *Brookes Abr. Judgment,* *pl.* 98, that if two commit a trespass, several actions may be brought against them, and a recovery had against each ; and one defendant cannot plead that the plaintiff hath recovered against the other for the same trespass, and taken him in execution. The decision in *Moreton's case,* Cro. Eliz. 30, was, that execution and *satisfaction* by one discharged the other. *Clench* said, if one command three to do a trespass, and they do it, and a recovery is had against him, and he, being in execution, doth *satisfy* the plaintiff, this is a good discharge of the other. In *Cooke* vs. *Jenner,* Hob. 66, the doctrine is, that trespass may be sued in several actions, but the plaintiff can take but one satisfaction. And it is laid down by Sergeant *Williams* in his notes, 2 *Saund.* 148, *b.* and appears to have been decided in *Corbett* vs.

26

Bennington,
February,
1826.

Sanderson
vs.
Caldwell.

*Barnes, Sir W. Jones,* 377, that the plaintiff has a right to bring several actions for the same trespass, and recover in them all, yet when satisfaction is had against one, the plaintiff cannot have another satisfaction, any more than where separate actions are brought upon joint and several bond. In *Bird* vs. *Randall,* 3 *Burr.* 1345, *Lord Mansfield* said, in cases of joint trespasses and joint contracts, the defendants are all of them liable to the plaintiff, and he may proceed against any or all of them if he pleases ; as it is but one trespass, one contract, all are liable ; yet he shall have but one satisfaction. And in *Drake* vs. *Mitchell,* 3 *East,* 258, it was laid down by *Lord Ellenborough,* that a judgment recovered in any form of action is still but a security for the original cause of action, until it be made productive in satisfaction to the party ; and therefore, till then, it cannot operate to change any other collateral concurrent remedy which the party may have. The case of *Brown* vs. *Wootton,* therefore, appears to be supported neither by the prior or subsequent English cases ; and in this country its authority has not only been questioned, but expressly denied. In *Livingston* vs. *Bishop,* 1 *Johns. Rep.* 290, it was held, that separate actions might be brought against several joint trespassers, and that a recovery against one was not alone a bar to a recovery against another. In *Campbell* vs. *Phelps,* 18 *Mass.* 62, *Parker,* Ch. J. admitted, that according to the modern decisions, nothing short of satisfaction of a judgment against one trespasser for any tortious act, will bar an action against his fellows ; though he seemed to think there might be a distinction between cases of trover or trespass for goods, and trespass for a personal wrong or injury done to property. But *Wilde,* J. denied there was any such distinction, and held that a recovery against one person, without satisfaction, is no bar to an action against another for the same cause, and that there was no difference in this respect between joint contracts and joint torts. And in the case of *Sheldon* vs. *Kibbe,* 3 *Con. Rep.* 214, this doctrine was fully recognized and adopted.

The argument, that in actions *ex delicto,* the demand for damages is uncertain, and when reduced *in rem judicatam* and to certainty, the original cause of action is gone, and the action taken away as to all others, applies equally to actions *ex contractu.* In *assumpsit,* the damages are uncertain, and yet when reduced to certainty by judgment against one of two joint and several promisors, it has never been held, that the judgment is a bar to an action against the other.

It is said, however, that in contracts, the promise is the distinct, several promise of each, and each is chargeable and liable for the entire demand, and therefore it is, that the cause of action against one is not merged in the judgment against the other. So, in trespass, the trespass is the individual act of each of the parties, and each is alike answerable for the entire damages. But the principle of *transit in rem judicatam* is confined to the party to the judgment, and is true only of the particular cause of action in suit against him ; and so it seems to have been lim-

Bennington,
February,
1826.

Sanderson
vs.
Caldwell.

ited in its application by Lord *Ellenborough* in *Drake* vs. *Mitchell*. The party to the judgment cannot, and ought not to be vexed, by another suit on the original cause of action; but there is no reason why another person, who is liable for the same cause of action, should not be sued upon it. The further argument relied upon, that the mere recovery of judgment in trover or trespass for goods, vests the property of the goods in the defendant, is equally unfounded. The principle is, *solutio pretii emptionis loco habeter*, and the property is not changed without payment or satisfaction; and so it was held in *Curtis* vs. *Groat*, 6 *Johns. Rep.* 168, and by *Wilde*, J. in *Campbell* vs. *Phelps*. There is, then, no reason for a distinction between the case of a joint and several liability *ex contractu*, as to the effect of a recovery against one of the parties, and the case where two or more are liable *ex delicto*. If two joint and several contractors purchase property, a judgment against one for the price agreed will not be a bar to an action against the other; and it would be strange, if the same persons had taken the property wrongfully, that the law should be different, and the remedy against them less ample. The plaintiff may not always know at the time, all the parties to the trespass, and it cannot be reasonable or just that a mere recovery of judgment against one who is unable to make satisfaction for an injury, perhaps of the most aggravated nature, should deprive him of his remedy against another, who may afterwards be detected as a party, and may be able to respond the damages. The sound and rational principle is, that the plaintiff may proceed separately against each of the parties, and that a recovery against one, without satisfaction, is no bar to a recovery against another. It must be upon this principle, that a co-trespasser not sued is an admissible witness against the defendant in an action for the trespass; and it seems that his competency was put upon this ground in *Lutterell* vs. *Reynell*, 1 *Mod.* 282. If a mere recovery of judgment against the defendant might be pleaded in bar to an action against himself, he must certainly be incompetent. From the principle we have adopted, it results, that the suing out of execution on the judgment recovered, is altogether immaterial. The principle of electing *de melioribus damnis*, and taking only one execution, as laid down in *Haydon's case*, applies, according to that case, only where different juries give a verdict for different damages against several defendants at one time. In *Sheldon* vs. *Kibbe*, execution had been sued out on the judgment recovered, and it was held to make no difference. Such also was the case in *Campbell* vs. *Phelps*, and the circumstance was considered immaterial. The judgment which was offered in evidence in the present case, therefore, being in no part satisfied, was properly rejected, and there must consequently be judgment for the plaintiff on the verdict.

<div align="center">Judgment for the plaintiff.</div>