ORLEANS,
*April,*
1834

## LUCIUS G. FISHER *vs.* STEPHEN COBB.

Actual possession of personal property is sufficient to enable the plaintiff to maintain trespass against any person except the legal owner.

Where the defendant, a sheriff's deputy, with process, attaches property in the possession of the legal owner, as the property of another, and leaves it with the owner, who insists upon his right, but agrees to re-deliver the same to the officer; and while in this situation, the plaintiff, another sheriff's deputy, with process against the same debtor, attaches the same property, and carries it away; and while in the plaintiff's possession the defendant seizes the property, and sells it upon his execution—*Held*, That the plaintiff was entitled to recover the value in an action of trespass.

This was trespass for a horse—issue of fact closed to the court by consent.

It was admitted by the parties, that the horse in question belonged to one William Clark.—That the plaintiff and defendant were both deputies under the sheriff of Orleans, and that each had, in April last, a legal writ of attachment against Alexander Willson, the former owner, by which they had attempted to attach and hold said horse as his property. The value of the horse was also admitted to be twelve dollars and fifty cents. The only additional evidence was the testimony of said William Clark, who testified, that previous to either of the attachments, he had purchased the horse of Willson, who lived in Stanstead, at the price of ten dollars, and had paid for it; and that when said attachments were attempted, he had the horse in possession at his house in Derby;—that in April last, the defendant came to the witness, while at work in his sugar place, and inquired if witness was keeping said horse for Willson, saying he had just before seen it;—that witness told him that he owned the horse, and should claim it as owner, having bought and paid for it;—that defendant said he should attach it as Willson's, and accordingly made out and delivered to witness a copy of his writ against Willson, with his return, certify-

ORLEANS,
*April,*
1834.

Fisher
*vs.*
Cobb.

ing the attachment in common form;—that defendant request-
ed witness to receipt the horse, which he, witness, refused to
do; and defendant then requested witness to keep it for defen-
dant two or three days, till he could provide some other place
for keeping;—that witness thereupon told defendant he would
not dispose of the horse, nor put it out of the way during that
time; but that if other attachments should be made, he could
not prevent them;—that he contracted no other or further re-
sponsibility to the defendant at that time; and the defendant
went away;—that towards evening of the same day, the plain-
tiff came to attach the horse as Willson's;—that witness noti-
fied him of his purchase—threatened to sue him if he persist-
ed, and also informed him of the defendant's attachment, and
what had passed between witness and defendant;—that plain-
tiff proceeded to attach—left a copy with witness as defendant
had done, and took the horse away;—that within two days af-
ter, defendant came after the horse, and learning what had hap-
pened, went and re-took the horse from the plaintiff;—that
soon after this, witness received the horse of defendant, to keep
and re-deliver on execution in that suit, and kept it, without
further claim or interference from the plaintiff, till after judg-
ment recovered, and execution issued, in the suit wherein de-
fendant had made the attachment as aforesaid: and then, on the
requisition of defendant, witness returned said horse to defend-
ant, who sold him on said execution;—that in the mean time
witness had sued the plaintiff in trespass for said horse, and re-
covered a judgment for ten dollars damages and his costs—in-
sisting on his purchase from Willson as the ground of recovery;
which judgment the plaintiff paid and satisfied after the sale of
said horse by defendant as aforesaid.

The court decided that upon the admissions aforesaid, and the
facts detailed in said testimony, the plaintiff was not entitled to
recover; and accordingly rendered judgment in favor of the de-
fendant. To which decision and judgment, the plaintiff except-
ed. Exceptions allowed, and the cause passed to this court
for further adjudication.

*Mr Redfield for plaintiff.*—The property being left by the
defendant in the possession of the real owner, it cannot be
said that Cobb had the custody of it. He had no writ
against the owner—had not made himself liable to the owner
by any interference whatever, and the person who owned the

ORLEANS,
*April,*
1834.

Fisher
*vs.*
Cobb.

property stood upon his right as owner, and absolutely refused to become the bailee of Cobb.

Clark being the owner of the property, Fisher was a trespasser by taking it; and being a trespasser, he acquired a right to hold the property against all except the owner; and by the judgment against him he acquired full title to the same. And Cobb, in taking the property from Fisher, can only justify by virtue of process against the owner, or as servant of the owner, which is not pretended.

It is difficult to conceive how Fisher, by *one* taking, could have made himself *twice liable* to persons claiming in different rights; and Cobb's right is derived from a source where *no rights* exist.

If the defendant recovers, Fisher pays twice for the horse—once to the owner, for which he acquires title as an equivalent—once to Cobb, who was a mere stranger; or to the creditors of one, who had no interest in the property, and is himself without remedy.

*Mr. Leslie, contra.*—It is contended that the act of Cobb, in the first instance, in the capacity of deputy sheriff, created in him a lien as against Willson, the debtor, and all subsequent attaching creditors of Willson;—that Clark, agreeing or consenting that the property might remain in his possession, made him the bailee of Cobb, to a certain extent, and so much so that the property was in the custody of Cobb at the time Fisher made his attachment.

If the property was in the custody of the law by the act of Cobb, he had a right to re-take it from Fisher; and of course, had a right to follow up his attachment to a sale of the property on execution, which he did. Fisher being a mere stranger to Cobb, cannot bind him by the judgment between him and Clark, nor in any manner affect the lien first created.

If Fisher has any remedy, it is against Clark.

The opinion of the court was delivered by

MATTOCKS, J.—The case shows that defendant took the horse from the possession of the plaintiff. Actual possession of personal property is sufficient to maintain trespass against any person but the legal owner, and according to some authorities, even if the possession is illegal—and according to all, if the possession is under an assertion or color of right.—1 Chitty, 168.—1 Swift, 531.

ORLEANS,
April,
1834.

Fisher
vs.
Cobb.

The plaintiff then, acting as an officer, and attaching the horse as the property of Willson, and taking it from the possession of Clark into his own keeping, until the trespass complained of, is entitled to recover against a stranger.

The next question is, whether the defendant was justified in taking the horse from the plaintiff by any previous act or doing of his. If the property had been Willson's, then the question would have been, whether it was necessary for the defendant, when he made the attachment, to have removed the property from Clark's, in whose possession it was found, in order to perfect the lien as against the subsequent attachment made by the plaintiff—both parties being deputy sheriffs—the same as if it had been attached and left in the possession of the debtor. But as the horse was not the property of Willson, the debtor, but of Clark, no right or lien was acquired by either attachment; and as the defendant, when he made the attachment, did not take possession of the property, his attachment was a perfect nullity—it was not even a trespass. Clark asserted his claim to the property; and his adding that he would not put it out of the way, nor dispose of it, for two or three days, was not a relinquishment of his claim. The plaintiff afterwards, by attaching and taking the horse away, was a trespasser, although under claim of right, and as such, was liable in law to Clark, the owner, for the value of the horse.— Therefore, only by Clark, or by process of law against Clark, could the horse be lawfully taken from the plaintiff. It is not perceived that there was any manner of right in the defendant to take it from the plaintiff; and can it affect the case that the defendant, after the trespass, advertised and sold the horse on the execution against Willson, and that, pending the advertisement of sale, at the request of the defendant, Clark kept the horse and re-delivered it at the sale? It is not in the case that Clark relinquished his claim to the property which had been before asserted to both plaintiff and defendant; and on what principle can it, in law, be an extinguishment of his right and property in the horse—having given warning to all concerned of his ownership? The suit of trespass in favor of Clark against the plaintiff, going on in the mean time, and a recovery, and afterwards payment of the judgment by the plaintiff, seem to have no bearing in the case other than as a public declaration by him that he persisted in his claim to the horse; and, if

ORLEAES,
April,
1834.

Fisher
vs.
Cobb.

known to the defendant, might have been a further warning to him not to convert the horse by a sale. The recovery in that case was no rule of damages in this; but the value of the horse, and the ground of the plaintiff's claim, as before mentioned, was his liability to Clark. The payment of the judgment since does indeed place the equity of the case very strongly with the plaintiff, for now Clark's claim is extinguished; and by no possibility can the defendant be liable to him; and the plaintiff having paid for the property, it would be unjust that the defendant should retain the avails of it, or the creditor, for whom he acted; so that the effect of the plaintiff's recovery in this suit will be to leave all parties in *statu quo*, save the costs.

Judgment of the county court is reversed.

ROYCE, J., *dissenting.*—The decision now made recognizes the right of the plaintiff to recover the value of the property sued for. It is on this ground that I would express my dissent to the judgment just pronounced, though I am not fully satisfied that a right of recovery exists to any extent. Clark, it is true, has recovered for the property against the plaintiff; but as the present defendant was no party to that action, and does not even appear to have had notice of it, he is not affected by it. He has the same defence as if that suit had not yet been instituted. It is therefore competent for the defendant to insist on the invalidity of Clark's right; and if it shall appear that he was not entitled to recover the value of the property against the plaintiff, neither is the plaintiff so entitled as against the defendant.

The trespass committed by the plaintiff did not divest the interest of Clark in the horse. He had a right to re-take it, or suffer the possession to be restored. And in either event, his right to recover for the property itself would cease, and he would be limited to proper damages for the taking and temporary detention. It may be admitted, however, that he was not bound to receive back the property, but was at liberty to renounce it, and take to his remedy against the plaintiff for a full satisfaction. Hence the question arises, whether here was such a regaining of possession by Clark as should produce the effect just stated. He was absolute owner of the property, and any intermeddling with it by either of these parties, without his assent, was a mere trespass. I therefore consider, that his subsequent possession of the horse should be deemed a possession

ORLEANS,
*April,*
1834.

Fisher
*vs.*
Cobb.

in the character of owner. I look upon his stipulation to keep it for the defendant, and ultimately to turn it out for sale on execution, as a voluntary and void stipulation. Nothing appears in the case to give it validity. "If by mistake, or otherwise, the real owner receives his own property on deposit, his obligation to return it is extinguished, unless another person has acquired, as against him, some right, interest, or lien, which he is bound to respect."—Story on Bailments, 37.

It may be said, and probably with truth, that Clark did not intend, by his transactions with the defendant, to abridge his remedy against the plaintiff for the previous trespass. But whatever his intention may have been, it does not appear that the defendant was made acquainted with it. And to save the right of Clark, as he afterwards asserted it, it was at least necessary, as I think, that explicit notice of his intention should have been given, and that his consent to the sale of the horse should be negatived. So long as the proceedings of the defendant with the property appear to have been had with the assent and approbation of Clark, they are not subject to be avoided by him in this circuitous and indirect manner. If he would treat one of the attachments as a trespass, destructive of his interest in the property, he must not lend his assistance to carry the other into effect. I am thus led to regard the transaction between the defendant and Clark as a virtual restoration of the property, so far as the plaintiff was concerned; and at the same time, as an ostensible acquiescence by Clark in the defendant's attachment of the horse as the property of Willson. According to this view of the subject, the plaintiff was not liable to Clark, except for the mere taking of the horse, and a very short detention of it. And for a portion only of that liability (if for any part of it) has the plaintiff a remedy over upon the defendant.

The equity of the case may seem to be with the plaintiff, since he must sustain a loss, unless he can be indemnified in this action. But if the defendant has paid over the proceeds of the sale to the creditor in the execution, he may be exposed to equal or greater inconvenience. I will only add that I consider the plaintiff's loss to have been incurred unnecessarily. It was laid down by *Prentiss,* J., in *Sanderson* vs. *Caldwell,* 2 Aik. 203, and may be assumed as the better opinion in this state, that a judgment for damages, in trespass *de bonis aspor-*

ORLEANS,
*April,*
1834.

Fisher
*vs.*
Cobb.

*tatis,* does not change the title of the property, without a satisfaction of the judgment.   And if such is the general rule, it was most emphatically true as between Clark and the plaintiff; because, at the time of recovering judgment, Clark had the horse in his own possession.   Till a satisfaction of that judgment, he had the same legal right to dispose of the horse, by gift, sale, or otherwise, as before the action was commenced.   I therefore conclude, that after Clark had turned out the horse to be sold by the defendant, and especially after the sale had taken place, the plaintiff was not compellable to satisfy Clark's judgment against him; but that he might have been relieved against it by some appropriate process.