## SPIVEY vs. MORRIS.

1. A recovery in trover, without satisfaction, does not invest the defendant with the title to the property, and is consequently no bar to a subsequent action of the same kind against one who claims under him.

ERROR to the Circuit Court of Talladega. Tried before the Hon. John J. Woodward.

TROVER by the plaintiff against the defendant in error for the conversion of a horse. The defence relied on was a former recovery in trover, for the conversion of the same property, against one Oden, under whom the defendant claimed title. The court held the defence good, and so charged the jury, which is the error now assigned.

RICE and MORGAN, for the plaintiff:

1. A judgment recovered in any form of action, is but a security for the one general cause of action, until it is made productive in satisfaction to the party, and until then it would not operate to change any other collateral concurrent remedy, which the party might have.—Drake v. Mitchell, 3 East. 251 ; White v. Martin, 1 Por. 217.

2. After an injury has been committed, the cause of action cannot be discharged by any act of the plaintiff, short of a release or acceptance of something in satisfaction.—Leavitt v. Smith, 7 Ala. 182.

3. Where the full value of an article has been recovered in trover, the property is changed by judgment and satisfaction.—4 Phillips on Ev. 223; White v. Martin, 1 Por. 217, refering to and approving Kent's opinion to this effect, Wright v. Lathrop, 2 Ohio R. 276; Jones v. McNeill, 2 Bail. R. 466; Crow v. Boyd's Adm'r, 17 Ala. 51.

WOODWARD, for the defendant.

Where A. converts property and transfers it to B., in trover by the owner against B., he may plead in bar a former recovery for the same property by plaintiff against A.—Expressly decided in Adams v. Broughton, 2 Strange 1070; Brown v. Wat-

ton, Cro. Jac. 43, (recognised and approved, 1 Lord Ray. 614;) 5 Eng. Com. Law, 422; Bul. Nisi Pri. 47; 3 Starkie's Ev 1281; 4 Rawle, 285; 1 H. & Munf. 449; 3 Greenl. 250.

CHILTON, J.—The question in this case is, whether a recovery in an action of trover by the plaintiff against one party, but without execution upon, or satisfaction of the judgment, is a bar to an action of the same kind brought by the plaintiff against a person claiming under the defendant to the former judgment. There is certainly most respectable authority on both sides of this question. That a judgment in trover for the value of the property amounts to an investiture of title in the defendant is decided in Brown v. Watton, Cro. Jac. 43; Adams v. Broughton, Andrew's Rep. 18; S. C. Stra. 1070; Murrel v. Johnson, 1 H. & Munf. 450; Floyd v. Browne, 1 Rawle, 121; 4 ib. 285, and Foreman v. Neilson, 2 Rich. Eq. R. 287; and the law is simi- *2 R 6 Com? 584.* larly laid down by Mr. Chitty in his work on Pleading, 76, and in 3 Dane's Abr. c. 77, art. 1, § 2; see also, 5 Eng. Com. Law, 422, and 3 Starkie's Ev. 1281; Wright v. Walton, 2 Hayw. 16. On the other hand, the following cases hold that there must be a satisfaction, in order to vest the title to the chattel in the defendant.—Morton's case, Croke's Eliz. 30; Ortertrout v. Roberts, 8 Cow. R. 43; Hepburn v. Seawell, 5 H. & Johns. 211; Morris v. Berkley, 2 Rep. Cons. Ct. 228; Curtis v. Goat, 6 Johns. 168; Sanderson v. Caldwell, 2 Aik. 195; Hopkins v. Horsey, 20 Maine R. 449; and this view of the law is sustained by Sergeant Williams, 2 Saund. 148, b; by Shep. Touchstone, title, Gift; and by Chancellor Kent, 2 Com. 387. It seems also, to be the doctrine of the Civil and French Law, Dig. 6 l., 35, 63; Pothier, Traite Droit de propricte, No. 364. See also Jones v. McNeill et al. 2 Bail. R. 466, where it is said if the recovery in trover operates as a sale, it is by implication of law, and that implication can only arise from satisfaction of the value found. See to the same point, Drake v. Mitchell, 3 East. 251, per Lord Ellenborough, cited in 2 Kinne's Compend. 19, where it is said, "it seems the better opinion that a judgment without satisfaction does not change the property." This is not the case of separate suits against joint tort-feasers, but the tort is several, and we have no hesitation in pronouncing that to constitute a bar to this action, the former judgment against Oden must have

been satisfied. Until then, no property vested in Oden, and consequently he could transmit none to the defendant in this case. This conclusion accords with the justice of the case, and we think harmonises with the general principle in the law, which forbids that a clear and acknowledged right of action, once vested, should be destroyed except by release under seal, or something given in satisfaction of the wrong. The Circuit Court held the former judgment a bar. It erred. Let the judgment be reversed and the cause remanded.