## STAUNTON *vs.* SIMMONS & SIMMONS.

1. On a motion to set aside a sale made under execution by a constable, to which the purchaser at the sale and the constable are made defendants, it is not a good plea that the plaintiff in the motion had brought an action of trespass in the Circuit Court against the constable, for levying on and selling the property, and had recovered a judgment against him.

ERROR to the Circuit Court of Monroe.
Tried before the Hon. L. Gibbons.

It appears that two executions had been issued against Staunton by a justice of the peace, which had been levied on a horse by John A. Simmons, a constable. The horse was sold at public sale, and was purchased by Robertus Simmons. Staunton afterwards moved the justice to set aside the sale, on the ground that one of the executions had been quashed, and the other paid, before the horse was sold by the constable. The motion was heard by the justice, but he decided against it, and refused to set aside the sale. The plaintiff in the motion took an appeal to the Circuit Court, and in that court the constable and the purchaser, who alone were made parties to the motion, alleged, by way of plea to the motion, that the plaintiff had brought an action of trespass

in the Circuit Court of Monroe, against John A. Simmons, the constable, for levying on and selling the horse, and had recovered a judgment of forty dollars damages; but it did not appear that this judgment had been satisfied. To this plea the plaintiff demurred, but his demurrer was overruled, and the plaintiff refused to plead over; whereupon judgment was rendered against him, and he now brings the case to this court by writ of error.

CUMMINGS, for plaintiff in error.
TORREY, contra.

DARGAN, C. J.—We cannot perceive what influence the judgment recovered in the Circuit Court against the constable, could have upon the motion which was made by the plaintiff, to have the sale set aside. We think it was wholly an immaterial matter, and the motion should have been heard and determined in the same manner that it would have been, had no such recovery been had. It is, however, argued that this recovery is a bar to any other suit that may be brought to recover the horse or its value. It will be, however, time enough to decide that question, when the plaintiff brings another action. But if that recovery was pleaded in bar to an action of trover, not brought against the same party against whom the judgment in trespass was recovered, it is probable that the recovery alone, without a satisfaction, would form no bar, (see Spivy v. Morris, 18 Ala. 254; Blann v. Crocheron, decided at the present term). It is not, however, necessary to decide that question before it is raised, and it cannot be raised, in our opinion, upon this motion. The court below should have decided the motion to set aside the sale upon its own merits, without regard to the judgment that had been recovered against the constable. The matter alleged by way of plea formed no bar to the motion; and the judgment must be reversed, and the cause remanded.