WINDSOR,
February,
1836.

### DAVID BROWN *vs.* JOSHUA MARSH.

If A. conspire with B. an insolvent and irresponsible person, for the purpose of procuring property on the credit of B. for the common benefit of both, and to enable B. to gain credit, A. assists him to appear like a man of property, by which means B. succeeds in purchasing goods on credit which are shared between the two; in an action on the case against A., brought by a person thus defrauded of his property, B. is a competent witness in support of the action.

This was an action of trespass on the case. The declaration charged, in substance—That the defendant conspired with one Temple, (a person of little or no responsibility,) to procure property on the credit of Temple, for the common benefit of both.—— That for that purpose the defendant furnished Temple with the means of appearing among strangers as a man of substance and fit to be trusted.—That Temple thus prepared applied to the plaintiff, who was ignorant of his true character and circumstances, and purchased certain goods on credit.—That the goods had never been paid for, but had been divided between Temple and the defendant.

A trial was had on the plea of *not guilty*, when the plaintiff called Temple as a witness, who was rejected by the court as incompetent to testify for the plaintiff, on the ground of interest. And after verdict and judgment for the defendant, the cause was removed to this court, on exceptions filed to the decision excluding the testimony of said witness.

*T. Hutchinson for plaintiff.*—This was an action for the defendant's fraud in procuring the property of the plaintiff, by means of his own money, and the agency of Jabez Temple Jr.; and the only question presented is, whether said Temple was a competent witness for the plaintiff, he being objected to on account of interest, the only interest shown being what is apparent in the declaration. That shows him to have an interest in the question but no interest in the suit, unless it be that remote, contingent interest, which never excludes a witness, but only affects his credit. Temple is liable to be sued for the same tort, but *non constat*, that he ever will be sued in any event whatever, and a recovery either way in this suit leaves him equally liable to a suit as now.—2, Aik. R. 195, *Sanderson vs. Caldwell*, and cases there cited.

But it is said, or may be said, that a recovery by the plaintiff, in this suit, and a satisfaction of the judgment would bar any action against Temple for the same cause. But *non constat*, that any such judgment would be satisfied.

WINDSOR,
*February.*
1836.

Brown
*vs.*
Marsh.

It is no matter whether such interest in the question, or the witness being a *co-tortfeasor*, appears by the declaration or by the disclosure of the witness, or extraneous testimony. We consider the law well settled, that a co-trespasser may always be a witness for either party when he is not a defendant in the action. We cite, 2 Stark. Ev. 764.—2 Camp. R. 333, *Chapman* vs. *Graves* and note. Lord Kenyon once rejected such a witness, but Le Blanc long afterwards said that decision was never acted upon. And see *Evans* vs. *Eaton,* 7 Wheaton 356, on page 311 of Cond. R. vol. 5, where the court say it is perfectly clear, that a person having an interest only in the question, and not in the event of the suit, is a competent witness. And, in general, the liability of a witness to a like action, or his standing in the same predicament with the party sued, if the verdict cannot be given in evidence for or against him, is an interest in the question, and does not exclude him.

*Marsh and Williams for defendant.*—The only question is whether Temple's testimony was rightly rejected.

In other words, the question is whether a man can in this way, swear his own debt on his neighbor.

Suppose in the absence of Temple, out of the State, the suit had been instituted against defendant, as a secret partner of Temple in the transaction stated in the declaration, could Temple in his turn be called as a witness to establish the partnership?

From the face of the transaction, Temple alone was liable to the plaintiff. The facts which Temple was called upon to prove would constitute a partnership, and therefore, Temple throw his debt in part, or in whole, by his own testimony on the shoulders of another.

If not, can the plaintiff, with more propriety, avail himself of Temple's testimony, by declaring in an action on the case, in the nature of a deceit. Every secret partnership, if intended to be kept secret to the prejudice of creditors, is deceitful and fraudulent, and the secret partner might be charged, either as a partner or in an action on the case for the deceit.

The witness then has a direct interest in rendering the defendant liable for a debt, which he himself contracted, and for which without his testimony, he alone is liable.

In *New* vs. *Chidgisy,* it is said, persons primarily liable are never permitted to charge others by their evidence, unless in cases where they stand indifferent.—Peak's Ev. 171.

So in an action on a policy of insurance, stating the loss by the barratry of the master he cannot be a witness to prove a deviation

WINDSOR,
*February*
1836.

Brown
*vs.*
Marsh.

by consent of the owners unless released by the defendants.—— *Thompson* vs. *Bird.*—1 Esp. cases 339, do. 20.—Peak's Ev. 166.

In *Birt* vs. *Wood,* a partner cannot be admitted to prove, that the goods were furnished on his separate account, if the partnership be proved.—*Young* vs. *Bairner,* 1 Esp. cases 103.

Admitting Temple to testify, would open a wide door for fraudulent practices; the creditor would have nothing to do but persuade his poor and dishonest debtor to swear, that his richer neighbor was his partner, or sent him to procure the goods in question by some unfair pretence, in order to secure his demand.

The opinion of the court was delivered by

ROYCE, J.—It is an ancient and universally admitted principle that fraud will operate to annul a contract, at the election of the party defrauded. And though in practice it is more usual to seek a remedy founded on the fraud, than to treat the contract as vacated by it, yet in cases of gross imposition the latter course has been uniformly sanctioned. There is no occasion, however, to decide, whether the transaction stated in the present declaration would, or would not, entitle the plaintiff to disaffirm the sale to Temple. In either case the question relating to the competency of Temple as a witness must receive the same answer. If the plaintiff had a right to treat the sale as a nullity and if this action is regarded as a manifestation of his purpose so to treat it, then the defendant and Temple become mere tort-feasors, who have wrongfully possessed themselves of the plaintiff's property. Under such circumstances the rule is now generally acknowledged, that Temple would be a competent witness for the plaintiff or defendant. It is true that in England, where a recovery against one joint trespasser or wrong-doer is held to be a bar to an action against his fellow, even before satisfaction, this rule has been sometimes controverted, and is stated by their writers on evidence with some hesitation. But there is much less ground of opposition to it in this state, since we hold that such recovery is no protection to a participator in the tort, until by satisfaction it has been made productive to the party injured.—*Caldwell* vs. *Saunderson,* 2 Aik. 195. It is urged that as Temple had incurred a liability by contract for the whole stipulated price of the goods, he was of course interested to subject the defendant to a recovery in this action. The objection assumes that such recovery, followed by a satisfaction of the judgment, would extinguish the witness' liability by contract; which, upon the supposition we are now pursuing, would

indeed be the legitimate result. In effect the proposition appears to be, that the witness was interested to exchange a sole liability by contract, for a joint and several liability with the defendant in the character of a wrong-doer. It is certain, however, that in the latter character his liability would be as extensive as before, and might be followed by consequences affecting a judgment and execution against him, to which as a debtor by contract he would not be exposed. *Fisher* vs. *The Jail Commissioners*, 3 Vt. R. 328. For aught the witness could do, this liability might be visited upon him with all its legal consequences. His testimony in this case would be evidence to subject himself in a similar action, whenever the plaintiff might choose to institute a suit. Nothing short of a judgment satisfied against the defendant could protect him. Now it is only a fixed and certain interest which renders a witness incompetent ; whereas the interest of Temple would be manifestly uncertain and contingent, depending on the will of the plaintiff over whom he has no control. He would but assume the place of every co-trespasser, who is a competent witness for the party injured, not because he is destitute of all interest, but by reason of this uncertainty of interest.

But we are not required to consider that the plaintiff intended to dissolve the contract of sale, though he should have had a right to dissolve it. The present is not an action of trover for the goods, nor is the declaration inconsistent with the subsisting obligation of the contract. In this view of the case it is relieved of all difficulty ; as it also is upon the supposition that the plaintiff was not entitled to avoid the sale. As fraud is said to be extrinsic and collateral to the contract or proceeding in which it is practiced, so an action of this kind founded on the deceit, and not brought in avoidance of the contract, is wholly a collateral remedy. The plaintiff may recover more or less, according to the extent of his injury from the fraud complained of, and still retain his remedies unimpaired on the contract itself. It follows that Temple was not legally interested in this collateral action against the defendant, since his own liability under the contract could not be affected by it. The case most analogous to the present is that of a false and fraudulent representation of another's property and circumstances, made to enable him to gain credit. And there it is held that the person whose solvency was misrepresented is a legal witness to prove the fraud.—2 Stark. Ev. 470, and cases there cited. The reason assigned is, that the witness cannot, in an action for the price of the goods avail himself of the verdict. Be-

*Margin note:* Windsor, February, 1836. Brown vs. Marsh.

tween such a case and the present it is not perceived that any material distinction exists.

The fact that Temple was the chief agent in conducting the fraudulent transaction, though it should reflect strongly upon his credit, does not render him the less admissible as a witness ; the doctrine being established that a party to a fraud is competent to prove it.

The jndgment of the county court reversed, and new trial granted.