## ROSENBAUM *et al. v.* HERNBERG *et al.*

In an action against defendants for damages, for conspiring together to defraud plaintiffs of certain goods—the conspiracy being successfully carried out by defendants obtaining and disposing of the goods—H., one of the defendants, made a voluntary appearance but interposed no defense. The other defendants answered and contested the case : *Held*, that H. was a competent witness for plaintiffs under our statute ; and probably so at common law, especially as he did not object to testifying.

Under our statute the plaintiff may call as a witness any one of the adverse parties to the action, where there are several and they are sued as joint *tort-feasors.* He is not bound to call all if he call one.

APPEAL from the Eleventh District.

There were four defendants and summons was served on all except Hernberg. On the day of trial he filed, in proper person, a writing stating that " he waived service of summons and complaint in the above action and makes his voluntary appearance therein."

No default or judgment had been entered against him, and plaintiffs called him as a witness, the other defendants objecting on the

ground that he was a party to the action and interested in the result of the suit.  Objection overruled, and defendants excepted.  Verdict of fraud against all the defendants.  Judgment for the damages, and that defendants be imprisoned until it be paid.  Two of defendants, Cohn and Abrams, appeal.

*John Hume,* for Appellants.

Hernberg had an interest in the result of the suit adverse to the other defendants.

As to the liability of Hernberg there was no question.  He could not clear himself of the debt by clearing the other defendants ; so he could not have any interest in their favor.  By fixing a liability upon the others, he compels them at least to share with him in the payment of the debt; and if the judgment is against all the defendants, and is satisfied out of the property of Cohn, Abrams and Solomon, or either of them, Hernberg is forever discharged from paying the debt or any part thereof.  He will gain by " the direct legal operation and effect of the judgment."  (Starkie on Evidence, Sharswood's edition, marginal page 121 ; *Macbrain* v. *Fortune*, 3 Camp. 319 ; *Ripley* v. *Thompson*, 12 Moore, 55, Eng. C. L. R. 22 ; *Hodson* v. *Manhall*, 7 C. and P., 16 Eng. Com. L. R. 32 ; *Hinkling* v. *Fitch*, 1 Miles, 208 ; *Christy* v. *Smith*, 23 Vt. 663 ; *Moody* v. *King*, 2 B. and C. 559, Eng. Com. L. R. 9 ; *Townsend* v. *Downing*, 14 East. 565.)

*S. W. Sanderson,* for Respondents.

1. Hernberg was a competent witness for plaintiffs at common law.

In actions *ex contractu* a coöbligor contractor was not a competent witness for the plaintiff as against his coöbligors, or contractors, because the right to contribution exists between coöbligors and contractors.  All the cases cited by Appellants were *ex contractu,* and fully sustain this proposition, but furnish no rule for the present case.  But in actions *ex delicto,* (as in the present case) one *tortfeasor* was a competent witness for the plaintiff against the others, when not sued.  (*Haddrick* v. *Heslop & Paine,* 12 Adol. & Ellis, N. S. 266, or 6 Eng. Com. Law, 266, where this question is fully

discussed and the English authorities reviewed ; *Blackett* v. *Wier*, 5 B. & C. 387, or 11 Eng. Com. Law Reps. 508 ; *Cutter* v. *Rathbun*, 3 Hill, 577 ; *Brown* v. *Marsh*, 8 Vt. 310, particularly ; *Paine* v. *Tilden*, 20 Id. 554.)

But it is equally true, that he is a competent witness when a party to the suit, if he consents to testify, although he may have suffered judgment by default. ( *Worrall* v. *Jones et al.*, 7 Bing. 305, or 20 Eng. Com. Law R. 180, and cases there cited ; *The King* v. *Woodburn*, 10 East. 395 ; *Johnson* v. *Blackman*, 11 Conn. 342 ; *Comstock* v. *Hadlyme*, 8 Conn. 254 ; *Cowles* v. *Whitman*, 10 Conn. 121 ; also cases above cited from Vt. ; 1 Greenl. Ev. 418.)

2. If not competent at common law, he is made so by sections 391, 392, 393, 417 and 418 of the Practice Act.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The only question presented for determination by the record in this case, is whether Hernberg, one of the defendants, was a competent witness for the plaintiffs. The complaint alleges a conspiracy between the defendants to defraud the plaintiffs of certain goods, and that it was successfully carried out by their obtaining and disposing of the property, and asks damages against them all. Hernberg made a voluntary appearance, but interposed no defense. The other defendants answered and joined issue.

We have no doubt of the competency of Hernberg. He was clearly competent under our statute ; and we are inclined to the the opinion that he was so at common law, especially as he made no objection to testifying. Under the statute the plaintiff may call any one of the adverse parties to the action where there are several, and they are sued as joint *tort-feasors*. He is not bound to call all if he call one. (See secs. 392 and 393 of the Civil Prac. Act, as amended in 1854 ; and secs. 417 and 418 ; *Haddrick* v. *Heslop*, 12 Adol. & Ellis, N. S. 268 ; *Brown* v. *Marsh*, 8 Vt. 310 ; and *Paine* v. *Tilden*, 20 Vt. 554.)

Judgment affirmed.