# FIREMEN'S INSURANCE COMPANY OF MOBILE
## *vs.*
## COCHRAN & CO.

[TROVER FOR CERTAIN BILLS OF EXCHANGE AND PROMISSORY NOTES, WHICH DEFENDANTS RECEIVED, BY UNAUTHORIZED TRANSFER, FROM PLAINTIFF'S SECRETARY.]

1. *Pleading—Demurrer to several pleas, of which one is good, may be overruled.*—Where a demurrer to several pleas, each going to the whole declaration, is overruled, and the plaintiff declines to reply, the judgment on the demurrer will not be reversed on error if any one of the pleas is good.

2. *Transfer of bills and notes by unauthorized person is a conversion.*—The unau-

Firemen's Insurance Co. v. Cochran & Co.

thorized transfer, by the secretary of an incorporated insurance company, of promissory notes and bills of exchange belonging to the company, is a conversion for which trover may be maintained.

3. *Conversion waived by subsequent ratification of transfer.*—Such a conversion may be waived by a subsequent ratification by the company of the transaction, with full knowledge of all the facts; and the ratification may be either express or implied.

4. *Ratification implied from bringing assumpsit against secretary, and taking judgment against transferree as garnishee.*—If the plaintiff, with full knowledge of the tort, brings assumpsit against its secretary for the amount of the bills and notes, summons the transferree by process of garnishment, takes judgment against him for the balance of indebtedness admitted by the answer on account of the bills and notes, and coerces satisfaction of the judgment—this will be held a confirmation of the transaction, and will estop the company from afterwards bringing trover against the transferree.

5. *Single cause of action cannot be split up into several.*—A single cause of action cannot be split up or divided into several; and this rule appl[... ... ...] when the entire cause of action cannot, as when it can [... reco... ...] first action.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

TROVER by the appellant against S. W. & S. G. Cochran & Co., to recover the value of certain bills of exchange and promissory notes, amounting in all to near $20,000. The defendants pleaded the general issue, together with several special pleas, which are as follows :—

"2. That on the 28th December, 1850, plaintiff sued one Rufus Greene, who before that time had been the secretary of said insurance company, in assumpsit, in the said City Court of Mobile, for and on account (among other things) of said identical matters embraced in this suit—to-wit, for the amount of said bills and notes for the conversion of which this suit is brought; which said suit was begun, conducted, and carried to judgment, as hereinafter set forth, on the ground that said Greene had become indebted to plaintiff by reason of his having, as secretary of said company, converted said bills and notes to his own use, and disposed of them to these defendants. And defendants further allege, that pending said suit, and ancillary thereto, plaintiff sued out an attachment against said Greene, and various branch attachments, and garnisheed (among others) these defendants, S. G. & S. W. Cochran, and also John R. Blocker, John G. Gra-

ham, and Jarvis Turner, to appear and answer what they were indebted to said Greene, what effects of his they had, &c.; whereupon such proceedings were had, that in said City Court, and on the 1st July, 1851, plaintiff recovered of said Greene, in said suit, the sum of $95,000, and costs ; which said judgment covered and was for the full amount of the said bills and notes sued for in this action, and which suit and proceedings and recovery were on the ground and because the said Greene, as secretary of said company, had embezzled, used, and passed off said bills and notes, and thereby became, on the plaintiff's election, its debtor ; and further, under the garnishment against these defendants before mentioned, these defendants answered, that they were indebted to said Greene in the sum of $4280 95 ; the truth of which answer the plaintiff contested, by the oath of Wm. Dunn, the president of said company, whereupon an issue was formed to try the truth of the same ; and afterwards the plaintiff took judgment against these defendants, S. G. & S. W. Cochran, for the amount of their answer aforesaid, with interest from the 1st February, 1850, for the collection of which plaintiff sued out execution, and which they compulsorily by said execution collected of said defendants, in part satisfaction of said judgment against said Greene. And defendants further allege, that by said garnishment against said Blocker, plaintiff recovered judgment against said Blocker for $150, which it collected in part payment of said judgment against said Greene ; that said Jarvis Turner answered to the garnishment against him that he had in his hands a large amount of property of said Greene, whereupon plaintiff took judgment against him for the same, with order of sale of the property, in payment of said judgment against said Greene, and which property has been so sold, and has realized a large sum of money, which plaintiff has received on said judgment against said Greene ; that under the garnishment against said Graham, plaintiff recovered judgment against him, for the sum of $649 91, which it has collected in part payment of said judgment against said Greene. And defendants further show, that plaintiff afterwards further sought to enforce said judgment against Greene, by a further motion before said court against this defendant, S. W. Cochran, on his answer to special interrogatories put

by plaintiff to him, as garnishee as aforesaid; which motion was refused. And defendants further allege, that said plaintiff, in further payment of said judgment against Greene, recovered of said Greene the sum of $36,318 14, in part payment of said judgment, and further took from said Greene a conveyance to said Dunn, for plaintiff, for a large amount of valuable property, to satisfy said debt of Greene's to plaintiff, made a debt by plaintiff's election; and further to satisfy said judgment, said Dunn is prosecuting in the Circuit Court of Mobile, for said plaintiff, against one Thomas McMillan, an action of detinue for a large amount of valuable property, which plaintiff insists it has a right to recover and apply to said judgment against said Greene. Wherefore, by reason of said acts and proceedings, defendants say, that plaintiff has waived the tort for the conversion of said bills and notes, and is barred and precluded from maintaining their action of trover against these defendants."

"3. Same as second plea, with an express allegation that said proceedings were had and prosecuted with the knowledge of the tort by Greene."

"4. Same as second plea, with the additional allegation that the answer of defendants, as garnishees, showed that they were indebted to said Greene, in the sum of $739 95, on account of bills receivable; and that the same constituted part of the amount, and appeared on the answer filed to constitute a part, of defendants' indebtedness to Greene for which judgment was taken against defendants as garnishees, and that said indebtedness was the balance due said Greene on account of the transfer by him to defendants of the identical bills and notes for which this suit is brought."

"5. Same as last, except that the plaintiff knew that said sum of $739 95, answered as owing to Greene on bills receivable, was on account of the very notes and bills now sued for, and, so knowing, took judgment on the answer."

"6. The defendants plead, as an act of election and ratification, the bringing assumpsit against Greene, as alleged in second plea, and taking judgment thereon."

The plaintiff demurred to all these special pleas, but the demurrer was overruled by the court; and on the plaintiff's declining to reply, on leave given, judgment was rendered for

the defendants. The overruling of the demurrers is now assigned for error.

J. T. LOMAX and D. C. ANDERSON, with whom was WM. G. JONES, for appellant:

I. The plaintiff could have sued Greene in trover; and the principle is incontestable, that a party claiming in the same right against more than one may sue them separately or collectively, in tort or *ex contractu*, until he is satisfied.—18 Ala. 254; 19 *ib.* 647; 20 *ib.* 320. That Greene was sued in assumpsit for the amount of these notes and bills cannot affect the plaintiff's rights against others implicated in his transactions.

II. The pleas admit that the plaintiff once had a right of action against these defendants; and there has been no release, or satisfaction of the recovery against Greene; nor has plaintiff been guilty of laches, or done anything to affect the relations or rights subsisting between Greene and the defendants. A clear and acknowledged right of action, once vested, cannot be destroyed, except by release under seal, or something given in satisfaction of the wrong.—20 Ala. 256.

III. The defence is rested upon the form of action adopted against Greene, which (it is contended) legitimates his previous dealings with the defendants, and is inconsistent with the claim now set up. Conceding that the declaration in assumpsit against Greene is technically a full admission of a contract vesting him with title, still plaintiff is not estopped; it is not averred, nor can it be with truth, that defendants acted under the influence of such admission, since the bills had passed to them before the action against Greene was instituted.—1 Green. Ev. § 209. Allegations in pleadings, though in a bill in equity, not sworn to, are not evidence as admissions against the party making them; and much less ought they to be so held when taken by the pleader from established forms.—4 Ala. 25-7. A plaintiff is committed by the form of action his attorney may select, only so far that the proceedings and evidence must be consistent and conform to the pleadings; as if he bring assumpsit, and a set-off be pleaded, he shall not repudiate his action and insist on a tort.—Smith v. Hodson, 4 Term R. 212; Dalton v. Whittend, 3 Ad. & El. 961, or 43 E. C. L. R. 1056.

IV. The only recovery which plaintiff could have had in assumpsit against Greene, in regard to this transaction, would have been for a breach of his contract to safely keep the bills and notes entrusted to him, or for the money which he received on the sale of them, in a count for money had and received. The pleas do not allege that he was sued for the proceeds, and a recovery had under that count; but that the judgment was rendered for the amount—that is, the value—of the bills and notes embezzled and passed off by him.    There is no reason why a suit, though in assumpsit for the breach of contract, or for the value of the bills, if the suit was on that ground, could convert Greene's tort into a matter of contract, and vest him with title, which enures to the defendants, who participated in his act.    According to the ancient doctrine, a party could not waive a tort and sue in assumpsit.—2 W. Black. 827.    But since a recovery in assumpsit is allowed, with certain limitations, for damages arising out of a tort, can it have any different operation, as to persons not parties to the particular action, than would an action of tort?    If Greene had been sued in trover, nothing but satisfaction of the recovery could bar the present action?    Cochran & Co., in this matter, were joint tort-feasors with him ; and plaintiff's action against him was but an unsuccessful effort to recover for his tort.    We admit that there are authorities which sustain the doctrine contended for by defendants, and hold that a recovery in trover, without satisfaction, is a bar to another action for the same property ; but such is not the principle recognized by our decisions.—18 Ala. 254 ; also, Hyde v. Noble, 13 N. H. 494 ; Morris v. Robinson, 3 B. & Cress. 196.

V. It may be conceded, without prejudice to the plaintiff's rights, that if a judgment had been recovered against Greene on a money count, for the specific amount received by him on the sale of these bills and notes, this action could not be maintained.    But the pleas do not make that distinct averment, and we are not authorized to infer that such was the fact, or even that there was such a count in the declaration ; and if there was, the pleas admit that the suit against him was for other matters besides the amount of these notes, and the count for money had and received may have referred to those other

matters. The pleas are to be taken most strongly against the defendants; and if they intended to present such a defence, it should have been specially set out. The pleas do not allege that they paid Greene anything for the bills, nor in what manner they acquired them; and it cannot be assumed that he received some equivalent for them, by which his means of satisfying our judgment were increased, and that we have thus realized a benefit from that consideration. Even if they could show that they had paid him the full amount, our right of action against them would not be affected, unless it was also shown that we ratified the sale by suing for the money so received. The allegation that the plaintiff, by its election, ratified Greene's act, is an argumentative deduction from the facts.

VI. The plaintiff could not, as seems to be assumed in the pleas, have recovered in assumpsit against Greene for the value or amount, upon his mere conversion of the bills and notes.—Crow v. Boyd, 17 Ala. 54; *ib.* 737. No averment of that fact, or proof that such a recovery was allowed by the court, would be admissible to estop the plaintiff in the present suit, for that subject was not within the scope of the pleadings in that action.—6 Ala. 27; 8 *ib.* 436.

VII. If the prosecution of the suit against Greene does not estop the plaintiff, the means resorted to for the satisfaction of the recovery cannot. It is not averred that anything was given or accepted in satisfaction, or that the parties acted with that understanding. This action was pending when the answer in garnishment was filed, and the defendants were thus notified that the bills and notes belonged to plaintiff; and consequently, if any indebtedness existed, it was to the. plaintiff, and not to Greene. In that proceeding plaintiff could only recover what Greene could have recovered in *indebitatus* assumpsit (15 Ala. 183); and if defendants unnecessarily or improperly blended that item with the amount which they admitted to be due to Greene, surely it was not the plaintiff's duty to reject it, or refuse to take judgment for the full amount. They had not been specially interrogated as to any indebtedness to Greene upon this transaction; and even if the pleas show that they did so answer, it would be nothing more than a voluntary payment, which could not estop

the plaintiff, unless it had been accepted expressly in satisfaction of the demand in suit.—Wadsworth v. Marsh, 9 Conn. 481.    The acceptance by Dunn of Greene's conveyance cannot bring the case within the principle ; it has nothing of the character of an accord, as the taking of an agent's note for goods converted by him.—Story on Agency, § 254.    Greene could not set up the conveyance in bar of a recovery against him, or in satisfaction of the judgment ; and certainly these defendants are not to be more favored.—Morris v. Robinson, 3 Barn. & Cress. 196 ; Drake v. Mitchell, 3 East, 251; White v. Sanders, 32 Maine, 188.    Estoppels are not favored, because their tendency is to prevent the investigation of truth. 1 Saund. Pl. & Ev. 37.

R. H. SMITH, *contra*, made the following points :—

1. If either one of the pleas is good, though all the others are bad, the judgment will not be disturbed.—Ferguson & Scott v. Baber's Adm'rs, 24 Ala. 402; Hooks v. Smith, 18 *ib.* 338; Kent v. Long, 8 *ib.* 47; 1 Smith's (Ind.) R. 257; 3 Eng. 502 ; 8 Blackf. 562 ; 2 *ib.* 291.

2. The pleas constitute a good defence to the action, on the ground of election of remedy.    The actions of assumpsit and trover have each their peculiar incidents, which produce widely different results, and from which is derived the rule that counts *ex contractu* and *ex delicto* cannot be joined.    The plaintiff may have several remedies, but they must be harmonious—they must not produce a double recovery, or incongruous results.    The mere bringing of assumpsit against Greene is an election to waive the tort.    The same act cannot be both a tort and a contract ; and plaintiff, though having the right to regard it in either light, cannot treat it as both at one and the same time.—Story on Agency, §§ 254, 259; Fenimore v. United States, 3 Dall. 357; Smith v. Hodson, 4 Term R. 212 ; Van Dyke v. The State, 24 Ala. 81; 3 Johns. Ch. 261, 416; 1 Hill's (N. Y.) R. 240, and note ; 5 *ib.* 578; 5 Stew. & P. 340; 23 Ala. 783 ; 22 *ib.* 405; 20 *ib.* 216; 15 *ib.* 705 ; Addison on Contracts, 407; Buckland v. Johnson, Law Reporter for July, 1854, p. 167.

3. The recovery against the defendants by garnishment, with the satisfaction of it, is an election, and also a former

recovery and satisfaction. A garnishment is a suit at law for a debt. It is a suit in which plaintiff has the peculiar advantage of making a man a witness against himself; it is extremely inquisitorial : the plaintiff has the right to the fullest and most exact details, and then has the right of contesting the oath. This right plaintiff availed itself of to its fullest extent, and thereby barred a recovery in this action.—23 Ala. 659 ; 12 *ib.* 90; 8 *ib.* 574 ; 7 *ib.* 157: 6 *ib.* 704 ; 5 *ib.* 442.

RICE, J.—The truth of pleadings is usually established by a verdict. Yet the truth of pleas is as well established by the plaintiff's interposing a demurrer to them, and declining to reply when his demurrer is overruled and leave given him to reply, as by a verdict finding them to be true.—1 Greenlf. Ev. § 27.

When several pleas are pleaded, each of which goes to the whole declaration, and the plaintiff's demurrer to them is overruled, with leave to him to reply, which he declines to do ; the judgment on demurrer will not be reversed if any one of them is good.—Barber v. Dixon, 1 Wilson's R. 44 ; 6 Com. Dig. tit. Pl. (S. 19) ; Puckett v. Pope, 3 Ala. '552 ; Winston v. Moseley, 2 Stew. R. 137. · It will therefore be our duty to affirm the judgment in this case, if any one of the pleas demurred to is good.

The complaint of the plaintiff shows that the conversion of all the notes and bills therein mentioned was a single act. It avers only one conversion. Taking the complaint and the pleas demurred to together, the plain construction of the pleadings is, that the transfer of the notes and bills by Greene to the defendants was a single transaction, and is the conversion complained of by the plaintiff.—McCombie v. Davis, 6 East's R. 538 ; Harker v. Dement, 9 Gill's R. 7.

Although this transaction between Greene and the defendants amounted to a conversion, and was liable to be defeated by the plaintiff ; yet it was such a transaction as was capable of acquiring validity from the subsequent confirmation of the plaintiff with a knowledge of the facts. The confirmation of the plaintiff might be direct and express, or implied from its conduct and acts. By taking judgment against S. G. & S. W. Cochran, two of the members of the firm sued in the

present action, as garnishees, and coercing and receiving the money from them as garnishees, with a knowledge that part of their indebtedness to Greene admitted in their answer to the garnishment was on account of the notes and bills for the conversion of which this action was brought, and that said indebtedness was the balance due by them to Greene on account of the transfer by him to them of these identical notes and bills,—the plaintiff admitted the validity of (and confirmed) the transaction by which they acquired the notes and bills from Greene, so far as the defendants are concerned, and in law waived its right to enforce a claim for damages, in an action of trover against the defendants, for that transaction.—Butler v. O'Brien, 5 Ala. 316 ; Sheppard v. Buford, 7 Ala. 90; Moseley v. Wilkinson, 24 *ib.* 411; Rotch v. Hawes, 12 Pick. R. 136 ; Hewes v. Bagley, 20 *ib.* 90 ; Southard v. Pope, 9 B. Monroe, 265.

A proceeding by garnishment is a suit. It may well be classed with actions *ex contractu,* because it lies only to subject those demands for which the debtor of the plaintiff in the garnishment could maintain *debt or indebitatus assumpsit.* Lundie v. Bradford, 26 Ala. 512 ; Cook v. Walthall, 20 *ib.* 334. The plaintiff, in the first instance, with knowledge of the tort by Greene, elected to sue him in *assumpsit* for the amount of the bills and notes, and in that suit recovered their full amount. The plaintiff next elected, during the pendency of that suit, and as ancillary thereto, to sue out against Greene an attachment, and to have S. G. & S. W. Cochran summoned as garnishee; and on their answer the plaintiff obtained judgment, and received the money, part of which it knew at the time to be due by them to Greene for these notes and bills. The plaintiff, after having made its election as aforesaid, brought this action of trover. The plaintiff is concluded by having made its election before this suit was commenced, with knowledge of the facts, from maintaining the present action, which is inconsistent and incompatible with the former remedies to which it resorted.—Rawson v. Turner, 4 Johns. R. 469 ; McElroy v. Mancius, 13 *ib.* 121 ; Buckland v. Johnson, July No., 1854, of the Monthly Law Reporter, 167.

We are aware, that there is a class of cases where the

party has concurrent remedies for the same cause of action against several persons, and may carry his several proceedings to judgment, though he is limited to one satisfaction. But in such cases the cause of action is the same, and accrues against all at the same time, and the concurrent remedies are perfectly consistent and compatible with each other. The election and confirmation of the plaintiff, above mentioned, takes this suit out of the rule which governs that class of cases. Rawson v. Turner, *supra;* Spivey v. Morris, 18 Ala. 254.

It is an undoubted rule, that one cause of action cannot be split up or divided into several. This rule applies, as well when the entire claim could not have been recovered in the first suit, as when it could have been recovered.—O'Neal v. Brown, 21 Ala. 482 ; Farrington v. Payne, 15 Johns. R. 432 ; Philips v. Berick, 16 *ib.* 136. The plaintiff avers and shows but one cause of action—to-wit, the transfer of the notes and bills by Greene to defendants. That transfer is the conversion averred in the complaint. In the garnishment suit, the plaintiff has already had one recovery arising out of that transfer, as above shown. Now, if it be conceded that in that suit the plaintiff did not recover, and could not have recovered, all it was originally entitled to, that concession does not abrogate the rule which forbids the splitting up of one cause of action.—Philips v. Berick, *supra.*

The fifth plea (which consists of all the averments contained in the second and fourth pleas and an additional averment) is clearly good ; and the judgment is affirmed.