LE RUE (AMES v.). See Case No. 327.

## Case No. 8,274.

LESASSIER et al. v. The SOUTHWESTERN.

[2 Woods, 35.] [1]

Circuit Court, D. Louisiana. April Term, 1874.

SALES—STOPPAGE IN TRANSITU—TRANSFER OF BILL OF LADING AS COLLATERAL.

A transfer of a bill of lading, as a mere collateral to previous obligations, without anything advanced, given up or lost, on the part of the transferee, does not constitute such an assignment as will preclude the vendor of the goods from exercising the right of stoppage in transitu.

[Cited in The Vidette, 34 Fed. 397.]

[Cited in Loeb v. Peters, 63 Ala. 244; Skilling v. Bollman, 73 Mo. 671; Goodwin v. Massachusetts Loan & Trust Co., 152 Mass. 200, 25 N. E. 104.]

[Appeal from the district court of the United States for the district of Louisiana.]

In admiralty.

H. T. Hays, J. H. New, and Percy Roberts, for libellants.

Wm. M. Randolph, for claimants.

BRADLEY, Circuit Justice. The libel in this case must be dismissed. The goods, for the nondelivery of which by the steamboat the libel was filed, were seized by the vendors under the right of stoppage in transitu. The objections raised against the existence of the right, in this case, do not seem to me to be sufficient.

First. It is insisted that Barnett was the shipper of the goods; in other words, that the goods had been delivered to him by the vendors in Shreveport, and that he had shipped them, though using the names of Durham, Howell & Co. It is true, that Barnett, in his testimony, speaks of his having shipped the goods. But he does not say that he shipped them in the name of Durham, Howell & Co. He gives no such explanation of the bill of lading. The bill, therefore, stands as a very strong fact against that view of the case. Prima facie, the bill shows the real transaction as against the steamer. In addition to this, it is in evidence that Durham, Howell & Co. brought the bill of lading to the office of Lesassier & Wise, and left it there for Barnett, the consignee, thus showing that they had shipped the cotton to his order. This circumstance corroborates the legal effect of the bill itself. Barnett's idea, that he shipped the cotton, is a very natural one under the circumstances. He procured it to be shipped, and, as between him and Lehman, Abrams & Co., to whom he intended to transfer it, he may be regarded as substantially the shipper. But in the eye of the law Durham, Howell & Co. were the shippers.

Second. It is contended that Barnett was not insolvent when the property was stopped by Durham, Howell & Co. His check for the cotton was not paid. That, certainly, was one pretty strong circumstance, though not

conclusive. But it seems that he was, in fact, insolvent at the time. He has never settled his obligations then outstanding. Cotton was falling and he was largely obligated on cotton. Lesassier & Wise seem to have thought his situation such as to justify their being considerably alarmed. I think he was insolvent.

Third. It is contended that the delivery of the bill of lading by Isaacs, at the instance of Barnett, to Lesassier & Wise, to enable the latter to protect themselves, was such a transfer of it as cut off the right of stoppage in transitu. I do not think so. Lesassier & Wise advanced nothing, and gave up nothing, in consideration of this delivery. They simply took it as an additional provision against possible loss on their outstanding obligations for Barnett. It was a plank seized hold of by them to enable them to better protect themselves against the hazard of past transactions. It can in no sense be regarded as so much received in payment of indebtedness due. It was not so regarded by them at the time. They were not then sure that Barnett would owe them in the final result of existing speculations. But they feared he would. And they naturally desired to have additional security. A transfer of a bill of lading as a mere collateral to previous obligations, without anything advanced, given up or lost, on the part of the transferee, does not constitute such an assignment as will preclude the vendor of the goods from exercising the right of stoppage in transitu.

In my judgment the decree of the district court must be affirmed and the libel dismissed with costs.