## THE VIDETTE.

### WILSON et al. v. THE VIDETTE et al.

*(District Court, S. D. Alabama. March 20, 1888.)*

SHIPPING—STOPPAGE IN TRANSIT—LIABILITY OF VESSEL TO CONSIGNEE.

Where the vendor of goods aboard a vessel has exercised his right of stoppage *in transitu* while the vessel was out, the vessel is not liable in damages for refusing to deliver the goods to the vendee upon demand and production of the bill of lading at the port of destination; and this is especially the case where the vendee, prior to filing the libel, has seized the goods under a writ of statutory detinue issued by the state court.

In Admiralty. On exceptions to libel.

Wilson & Lozano, a firm engaged in the retail dry goods business in Mobile, Ala., purchased on credit from Tefft, Weller & Co., of New York, a number of packages of merchandise, and these were shipped by the steam-ship Vidette, of the New York & Mobile Steam-Ship Line, in

the latter part of January, 1887, consigned to libelants, and bills of lading were also duly forwarded them at Mobile. On presentation of the bills of lading, February 11, 1887, by libelants to said ship at Mobile, delivery of the goods was refused by the ship's agent on the ground of contrary instructions received from shippers, sent while the vessel was out. On February 15th, Wilson & Lozano brought suit in the city court of Mobile in statutory detinue, causing the sheriff to seize the goods, and on the same day filed this libel for $5,500 damages in business from detention of necessary goods, injury to business standing, and for expenses of the detinue suit. Lombard, Ayres & Co., intervened as claimants and charterers.

*G. L. & H. T. Smith*, for libelants.

*R. H. Clarke*, for complainants.

TOULMIN, J., (*after stating facts as above.*) A seller, who has sent goods to a buyer, at a distance, may stop them at any time before they reach the buyer, on the ground of the insolvency of the buyer. The right to do this is called the right of stoppage *in transitu*. Pars. Merc. Law, 60; 2 Benj. Sales, § 1229; *Loeb* v. *Peters*, 63 Ala. 243; 1 Pritch. Adm. Dig. 541. Nothing short of a *bona fide* sale of the goods for value, or the possession of them by the vendee, can prevent the vendor's right of stoppage *in transitu*. *Loeb* v. *Peters, supra; Lesassier* v. *Southwestern*, 2 Woods, 35. A notice of stoppage *in transitu* by the vendor to the carrier is sufficient to charge the carrier. And upon the vendor asserting his right to stop the goods, and demanding them of the carrier while the right of stoppage *in transitu* continues, the carrier is bound to redeliver them, and will become liable for a conversion of the goods if he refuses to redeliver them to the vendor, and delivers them to the vendee. His refusal to redeliver on demand is sufficient evidence of conversion. 1 Pritch. Adm. Dig. 541; 1 Pars. Shipp. & Adm. 522; 5 Wait, Act. & Def. 615, and authorities there cited; Hutch. Carr. § 420. It is held by some authorities that in case of doubt as to the vendor's right the carrier's duty is to file a bill of interpleader. 1 Pritch. Adm. Dig. 514. And in 1 Pars. Shipp. & Adm. 522, it is said that if both vendor and vendee claim the goods of the carrier, he should ask an indemnity. There is, however, no legal obligation on either party to give such indemnity. But if it is asked and refused, and the carrier thereupon refuses to deliver the goods, the rightful claimant could recover them or their value; but nothing by way of costs or damages for the detention. But all the authorities agree that it is the duty of the carrier to redeliver the goods to the vendor on his giving notice of stoppage *in transitu*, and making demand for them. And it is held that for his refusal to do so he is liable for a conversion of them. See authorities cited *supra*. Upon the exercise of the right of stoppage by notice to the carrier the buyer loses the right to take possession of the goods under the bill of lading. 2 Benj. Sales, § 1287, and note. The effect of the notice is to revest the vendor's possession. 5 Wait, Act. & Def. 616, 618; 2 Benj. Sales, § 1295. And the carrier has no right to say that he will retain the goods for delivery to the true

owner after the conflicting claims have been settled. 2 Benj. Sales, §
1281; Story, Bailm. § 580. I have found but one authority, and that
a text writer, (Blackb. Sales,) which holds that the carrier delivers the
goods to the vendor at his peril, and would probably be responsible to
the vendee therefor if the stoppage was wrongful. But I have found no
case where a court has followed this rule. It is said in the case of *The
Tigress*, Brown. & L. 45, (which is quoted with approval in the opinion
of the judge in the case of *The E. H. Pray*, in 27 Fed. Rep. 474,) that
"the vendor exercises his right of stoppage *in transitu* at his own peril;
and it is incumbent on the master to give effect to that right so soon as
he is satisfied that it is the vendor who claims the goods, unless he (the
master) is aware of a legal defeasance of the vendor's claim." The seller,
who stops the goods, takes the risk on himself, and if he stops them
wrongfully, would doubtless be answerable for any damages the buyer
should sustain thereby. 1 Pars. Shipp. & Adm., 518.

The question now considered is not whether the stoppage *in transitu*
here complained of was wrongful, and what damages the libelants have
sustained thereby, but whether, (the goods having been stopped *in transitu*
by the sellers,) the libelants can recover damages from the vessel for the
non-delivery of the goods to them on the bill of lading. The libelants,
in their libel, claim damages for a breach of contract in that the vessel
refused to deliver the goods to them on their demand. The libel, how-
ever, shows that the vessel's refusal to deliver the goods to libelants was
because of the stoppage *in transitu* by the sellers, Tefft, Weller & Co., to
whom the law made it the vessel's duty to redeliver the goods on their
notice. I have found but one case directly in point, and that is a case
just like this. There the vendee of a cargo of clay brought suit on a bill
of lading against the vessel to recover damages for non-delivery of the
cargo. One Hayes was the vendor, and before the delivery of the cargo
to the libelant required the master of the vessel not to deliver it to libel-
ant, asserting the insolvency of libelant and the non-payment of the price
of the cargo. The court says:

"Here Hayes was the vendor of the goods; he had not been paid by the libel-
ant; there was no legal defeasance of the vendor's claim and the vendor de-
manded the goods upon the ground of the insolvency of the vendee. These
circumstances justified the master in refusing to deliver the goods to libelant,
and constitute a good defense to such an action as this." *The E. H. Pray*,
27 Fed. Rep. 474.

In the case of *Schmidt* v. *The Pennsylvania*, 4 Fed. Rep. 548, the re-
port of the opinion of the judge trying the case is so meager that it is
difficult to determine what his views were except on the question of dam-
ages. But it appears that the court held the detention of the goods by
the vessel was wrongful, and that libelant was entitled to recover dam-
ages for such detention. This, doubtless, was on the ground that the
claimant was the assignee of the bill of lading, and a purchaser for value;
that there was a legal defeasance of the vendor's claim, of which the mas-
ter of the vessel had been informed, and the detention of the goods was
therefore wrongful. There the stoppage *in transitu* was conceded to have

been wrongful, and was recalled, and the goods were in the possession of the vessel when the libel was filed. But however this may be, as the law makes it the duty of the vessel to redeliver the goods to the seller on notice by him of a stoppage *in transitu*, it seems to me there can be no liability on the vessel for the performance of this legal duty, and it should not be held liable in damages for a refusal to deliver the goods to the buyer. Besides, the libel shows that the libelants commenced an action of detinue for the goods before filing their libel. Are they not thereby concluded from maintaining this action, which is inconsistent and incompatible with the former remedy to which they resorted? *Insurance Co.* v. *Cochran*, 27 Ala. 228. My opinion is that on principle and the weight of authority this libel cannot be maintained; and as the exceptions to it raise the point here decided, it is unnecessary for me to consider the case on its merits.

The exceptions to the libel are therefore sustained, and the libel is dismissed at libelant's costs.