# Lytle & Co. *v.* Bank of Dothan.

*Action on Promissory Note; Non Est Factum.*

121  215
124  519
121  215
127  145

1. *Agents; general and special, powers of.*—The implied powers of a special agent are limited to acts necessary or proper to the accomplishment of 'the particular matter intrusted to him, while those of a general agent ordinarily extend to the conduct of the business in his charge in the usual and customary manner; a third person may deal with a general agent without inquiring into private restrictions on his authority.

2. *Agent; in contest over power of general, volume of business done by him competent evidence.*—Where a written contract is entered into between two persons by which one employs the other as a general manager of his mercantile business, but the authority is not expressly given in the contract that the manager may borrow money or sign notes in the name of the employer, the scope of the agency, including the volume of business carried on by the manager is competent to be shown, in a controversy respecting the powers of the agent, to show his implied authority as a general agent.

3. *Same; circumstances showing exercise of authority by, admissible.*—Circumstances tending to show the exercise of authority on the part of the agent and its recognition on the other part, may be shown, although they may have no direct connection with the issues tried.

4. *Same; giving notes by and their recognition by principle competent evidence.*—The giving of notes by an agent while en-

[Lytle & Co. v. Bank of Dothan.]

gaged in a business as general manager, in the name of the principal, and their recognition by the principal, is competent to be shown in a controversy respecting the validity of other notes given by the agent while engaged in the same business.

5. *Notes sued on executed by agent admissible in connection with evidence showing authority to execute.*—Where the introduction of notes sued on is resisted by the defendant on the ground that it was not shown that the agent who executed them had authority so to do, they are properly admitted in connection with evidence tending to show that before the notes were executed the defendant had authorized the plaintiff to let the agent have money when he needed it, and afterwards promised to pay the notes, and in connection with evidence of the general agency of the agent from which power to execute the notes might be inferred, in order that the jury might determine whether their execution was either authorized or ratified by the defendant.

6. *Sealed instrument; what is.*—To make a sealed instrument or bond, the intention to make it so must be expressed in the body of the writing.

7. *Amendment; when allowance of gives no right to a new plea.* Where an amendment of the complaint sets up no new cause of action its allowance does not authorize the defendant as a matter of right to file a new plea.

8. *Notes; power in agent to execute when can be assumed.*—Notes being among the usual instrumentalities employed to evidence a loan, if money is loaned to an agent in pursuance of the request of the principal to let him have it to carry on the principal's business, the lender has the right to assume the agent's authority to execute notes therefor in the principal's name.

9. *Election; when shown by suit.*—D. purchased certain bales of cotton from L. & Co., and as a cash payment therefor gave his bank check; the check not being paid, D. gave L. & Co. his due bill for the value of the cotton, but promised to get the cotton receipts from the bank and return them to L. & Co. and cancel the trade; the receipts were not returned and L. & Co. sued D. on the due bill. *Held*, that the suit was an election by L. & Co. to abandon their claim to the cotton and treat the transaction with D. as a sale to him.

APPEAL from the Circuit Court of Dale.
Tried before the Hon. J. W. FOSTER.

This was an action by the Bank of Dothan against R. A. Lytle & Co. on promissory notes. Lytle & Co. was a firm doing business in the State of Georgia. They em-

ployed one Newman as their general manager of a mercantile business at Dothan, in this State. There was evidence tending to show that R. A. Lytle took Newman to the bank and told the cashier to let him have money when he needed it in carrying on the business. Newman borrowed money of the bank and executed notes therefor in the name of Lytle & Co. Newman finally left. There was also evidence tending to show that Lytle promised to pay these notes; and that he did pay certain other notes of a similar character given by Newman to other persons; that Newman carried on a large volume of business for L. & Co., buying and selling and doing what was necessary in the premises. Under the plea of set off L. & Co. offered to prove that they sold certain bales of cotton to one Drewry for a cash consideration; that Drewry gave his check on the Bank of Dothan in payment, and deposited the cotton receipts with the bank; that the bank would not pay the check unless L. & Co. would allow as a credit the notes sued on in this case which was refused; that Drewry on being told of the non-payment of the notes, promised to get the cotton recipts from the bank and return them to L. & Co. and make a new trade about the cotton, and meantime he gave L. & Co. his due bill for the cotton. The receipts were not returned and L. & Co. sued on the due bill and recovered judgment against Drewry. Charge No. 1 given to the plaintiff was as follows, "If the jury believed from the evidence that the defendants R. A. Lytle & Co. told J. R. Crawford to loan Newman money that he might need in running the business of R. A. Lytle & Co., then Newman had a right to sign defendant's name to said note if it was necessary to secure the money to be loaned." The charges refused to the defendant were as follows: (1). "Unless the jury believed from the evidence that the defendants ratified the act of Newman in signing the notes sued on, if from the evidence they believe he did sign them, with a full knowledge of the fact under which he signed them or authorized plaintiff to let Newman have money then their verdict will be for the defendant." (2). "The court charges the jury that Newman as agent had no authority to endorse R. A. Lytle & Co. on a note either for the purpose of borrowing money or as accommodation paper."

(1). ESPY & FOLMAR, for appellants.—The notes should not have been permitted in evidence after the plea of *non est factum*—they were not proven.—*Miller, et al. v. House, et al.*, 46 Ia., 737; Meacham on Agency, Sec. 389; Daniel on Negotiable Instruments, Sec. 291. (2). The court erred in the charge to the effect that an authority to borrow money carried the authority to execute notes therefor.—*Brantley v. So. Life Ins. Co.*, 53 Ala. 554. (3). The complaint declared on promissory notes; the instruments offered were not notes; the general charge should have been given to the defendant, 110 Ala. 521.

(1). SOLLIE & KIRKLAND and H. L. MARTIN, *contra.* The testimony of witness Baker of a transaction with Newman and its recognition by Lytle & Co. properly admitted to show agency.—1 Greenleaf on Ev., Sec. 65; 83 Ala. 260; 86 Ala. 405. (2). The authority of a general agent as to third parties must be determined by the nature of the business and is *prima facie* co-extensive with its requirements.—*Montgomery Furniture Co. v. Hardaway*, 16 So. Rep., p. 29.

SHARPE, J.—The doctrine is of general application that an agent can bind his principal only to the extent of the authority with which he has been expressly or impliedly clothed. The implied powers of a special agent are limited to acts necessary or proper to the accomplishment of the particular matter intrusted to him, while those of a general agent ordinarily extend to the conduct of the business in his charge in the usual and customary manner.—*Ala. Gt. So. R. R. Co. v. Hill*, 76 Ala. 303; *Wheeler & McGuire v. Scoggins & Co.*, 86 Ala. 402; *Louisville Coffin Co. v. Stokes*, 78 Ala. 372; *Gaines v. McKinley*, 1 Ala. 446; *Skinner v. Gunn*, 9 Port., 305.

Upon this principle a third person may deal with a general agent without inquiring into private restrictions upon his authority.

The written contract between defendants and Newman recites his employment by them as "general manager of their mercantile business in Dothan." It contained no express authority for him to borrow money

or to sign notes for them. His implied authority as a general agent being a material inquiry, the scope of the agency including the volume of business carried on by Newman for defendants was competent to be shown. The objection to Crawford's testimony upon that subject was properly overruled.

Among the several ways of showing the existence and scope of such authority circumstances tending to show the exercise of authority on the part of the agent and its recognition on the other part, may also be shown, although they may have no direct connection with the issues tried.—2 Green. Ev., § 65; *Tenn. River Trans. Co., v. Kavanaugh,* 101 Ala. 1.

The giving of other notes by Newman in the firm name about the time the plaintiff's notes were given, and while Newman was continuing in the same business, and defendant's subsequent recognition of their validity about the time Crawford says they promised to pay the plaintiff's notes, were circumstances competent under the principle stated, though they may have been of slight weight as bearing on the execution or ratification of plaintiff's notes.

Defendants' question to the witness Crawford as to why the bank required Farmer to indorse the six hundred dollar note called not for a fact but merely for a reason, and was properly disallowed.

The introduction of the notes as evidence was objected to upon the ground that it was not shown that Newman had authority to sign defendant's name to them. There was evidence produced during the trial tending to show defendant Lytle had before the notes were given, authorized plaintiff to let Newman have money when he needed it, and also that afterwards and without objection as to the execution of the notes, he promised to pay them, and the evidence on those points was conflicting. There was also evidence of a general agency in Newman from which his power to execute the notes could be inferred. It was proper to admit the notes in connection with the other evidence for the jury to determine whether their execution was either authorized or ratified by defendants.

There was no variance between the notes and their description in the complaint such as to justify giving the

general affirmative charge for defendants, as is insisted by their brief.

To make a sealed instrument or bond the intention to make it so must be expressed in the body of the writing.

The amendment to the complaint set up no new cause of action but only varied the description of the notes originally sued on. It did not give the defendants the absolute right to file during the trial the additional plea of usury. Its allowance or rejection at that stage of the cause was a matter in the discretion of the court. *Steele v. Tutwiler*, 57 Ala. 113; *Reed Lumber Co. v. Lewis*, 94 Ala. 626; *Donald v. Nelson*, 95 Ala. 111.

Notes are among the usual instrumentalities employed to evidence a loan, and if money was loaned by plaintiff pursuant to defendant's request to let Newman have it to carry on their firm business, plaintiff had a right to assume Newman's authority to use the firm's name in giving a note therefor. The charge numbered 1, given at plaintiff's request, though inaccurately expressed, was not unduly prejudicial to the defendants. It is somewhat ambiguous in referring to "said note" in the singular, but it may be referred under the evidence to a note given to the bank and not to the note discounted for Moody & Co. If it tended to mislead in respect to the identity of the note mentioned it could have been explained by another charge if defendant had so requested.

As to the cotton mentioned in the claim of set off the defendants could not treat it as having been sold by them to Drewry and also as remaining their property. It appears that in 1893 Drewry was sued in Georgia by defendants for the price of the cotton as evidenced by his due bill given therefor when payment of his check was refused, and judgment was obtained against him in that suit. Even if they had not previously elected to treat the transaction as a sale, the institution and prosecution of that suit to judgment, if done with knowledge of the facts attending the giving of the due bill, amounted to a conclusive election on the part of defendants to treat Drewry as purchaser, and to abandon their claim of ownership in the cotton.—*Butler v. Hildreth,*

5 Met. (Mass.) 49; *Fireman's Ins. Co. v. Cochrane*, 27 Ala. 228; *Nield v. Burton*, 49 Mich., 53; *Terry v. Munger*, 121 N. Y.. 161; 26 Am. & Eng. Ency. Law, 799, There was therefore no error in giving charge No. 3.

The charges requested by defendant were properly refused. Charge 1 ignores the evidence of Newman's general agency and the implied powers which as a question of fact may have been found incident thereto and which may have included the power to execute the notes.

Their charge No. 2, if given, would have taken the whole question of such authority from the jury.

There is nothing assigned for error to justify a reversal, and the judgment of the circuit court will be affirmed.