(97 South. 817)

## LOUISVILLE & N. R. CO. v. WILLIAMS et al.   (3 Div. 631.)

(Supreme Court of Alabama.   Nov. 1, 1923.)

**1. Carriers ☞94(2)—Counts for wrongful delivery held sufficient.**

Counts alleging plaintiffs delivered lumber to carrier for shipment and that the carrier wrongfully delivered the bill of lading to a purchaser, and after notice of such wrongful issuance wrongfully delivered the lumber to the consignee in the bill of lading and that the purchaser had failed to pay for the lumber, *held* to allege facts showing a duty, a breach of that duty, and a loss therefrom to plaintiffs, and were not demurrable under Code 1907, § 5546.

**2. Carriers ☞86—Carrier held to owe shippers duty to receive instructions from them as to consignee and destination and to issue bill of lading to. them.**

Where lumber belonging to plaintiffs was delivered by them for shipment to defendant carrier, defendant owed plaintiffs the duty to receive instructions from them as to the consignee and point of destination and to issue to them a bill of' lading for the shipment, and such duty was breached when defendant delivered the bill of lading to a purchaser without the consent of plaintiffs and wrongfully delivered the lumber to the consignee named in the bill of lading.

**3. Carriers ☞94(2)—Shippers in action for wrongful delivery held not obliged to allege carrier knew of conditions of sale.**

In an action by shippers against a carrier for wrongful issuance of bills of lading to the purchaser of the shipment and·for wrongful delivery to the consignees named therein, the shippers were not required to allege that the carrier knew of the conditions of the sale by which bill of lading was to be retained by shippers, as it had no interest in the sale or its conditions.

**4. Carriers ☞93—Shippers held to have waived their right to· sue carrier for wrongful delivery of bill of lading and of shipment.**

Where shippers of lumber knew bills of lading were wrongfully issued to a purchaser of the lumber, but accepted his draft, and when the draft was not paid obtained a judgment on it, *held*, that they conclusively elected to treat him as the purchaser, and abandoned their claim of ownership, and waived thereby their right to sue the carrier for wrongfully issuing and delivering the bill of lading to the purchaser.

**5. Carriers ☞70 — Shippers could not treat shipment as having been sold, and, as against carrier, claim ownership of it.**

Shippers could not treat a shipment of lumber over defendant carrier's line as having been sold by them to a certain party, and, as against the carrier, claim ownership of that shipment.

**6. Carriers ☞93—Shippers by suing purchaser of shipment on draft held to have· ratified carrier's wrongful delivery of bill of lading.**

Shippers *held* to have ratified the wrongful act of defendant carrier in delivering bills of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lading to the purchaser of a shipment by suing the purchaser for the price as represented by a draft given by him and by prosecuting the suit to judgment with knowledge that the carrier wrongfully delivered the bills of lading to the purchaser.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Action by E. A. and J. H. Williams against Louisville & Nashville Railroad Company. From a judgment for plaintiffs, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Counts 3 and 4 of the complaint are as follows:

"(3) Plaintiffs claim of the defendant six hundred twenty-three dollars and sixty-one cents ($623.61), as damages, for that heretofore on to wit, 12th day of February, 1921, defendant received from the plaintiffs at Greenville, Alabama, two (2) carloads of poplar lumber as a common carrier, and did wrongfully and without the consent of the plaintiffs deliver a bill of lading for the same to one Hoyt Parker, and after notice of said fact did wrongfully release and deliver unto the consignee upon said bill of lading the said lumber, which lumber, under the terms of the agreement by which plaintiffs had sold and were to ship and deliver the same, was to be paid for at the time of the delivery of the bill of lading to said consignee, and, by reason and as a proximate consequence of said wrongful delivery of said bill of lading and the release and delivery of said lumber without the consent of the plaintiffs to said consignee and without plaintiffs' having received payment therefor, plaintiffs suffered and sustained the loss of the amount for which said lumber had been sold by them to said Hoyt Parker, to their damage in the sum aforesaid; hence this suit.

"(4) Plaintiffs claim of the defendant six hundred twenty-three dollars and sixty-one cents ($623.61), for that heretofore on to wit, 12th day of February, 1921, without the consent of the plaintiffs, defendant did wrongfully deliver a bill of lading to one Hoyt Parker for a shipment of two (2) carloads of lumber, the property of the plaintiffs, and which defendant had received from the plaintiffs at Greenville, Alabama, as a common carrier for hire or reward, and which said lumber had not at said time been paid for by the consignee in said shipment and after said wrongful delivery of said bill of lading said defendant was notified of the fact that plaintiffs had not authorized the said delivery of said bill of lading and that consignee had not paid for said lumber and the bill of lading for said lumber was not to be delivered under their agreement with said consignee until the payment of the purchase price of said lumber, and which said lumber was at the time of said notice in the possession of said defendant and under its control. Plaintiff avers that it then and there became the duty of the defendant not to deliver said lumber upon said bill of lading without the consent or authority of the plaintiffs or payment by the consignee of the purchase price thereof, and that in violation of said duty it did deliver said lumber to said consignee, or to his order, without the payment of the purchase price thereof, and without the consent or authority of the plaintiffs, to the damage of the plaintiffs in the sum aforesaid; hence this suit."

Jones & Thomas, of Montgomery, and Powell & Hamilton, of Greenville, for appellant.

Counts 3 and 4 were demurrable. Defendant was due the affirmative charge. Tiedman on Sales, § 85; Fowler v. Bowery Sav. Bank, 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479; Scharff v. Meyer, 133 Mo. 428, 34 S. W. 858, 54 Am. St. Rep. 680; 1 Hutchinson, Carriers, § 177; Firemen's Ins. Co. v. Cochran & Co., 27 Ala. 228; Lytle & Co. v. Bank of Dothan, 121 Ala. 220, 26 South. 6; Ocean S. S. Co. v. People's Shoe Co., 202 Ala. 595, 81 South. 241.

Stallings, Hunt & Drennen, of Birmingham, for appellees.

No brief reached the Reporter.

MILLER, J. This suit is brought by E. A. Williams and J. H. Williams, as partners under the name of Williams Bros. & Co., against the Louisville & Nashville Railroad Company, a corporation, claiming damages for the conversion of two carloads of poplar lumber in one count, and in the other counts claiming damages for the wrongful delivery by the defendant of the bill of lading and wrongful shipment of the cars of lumber. The jury returned a verdict in favor of the plaintiffs, and from a judgment thereon by the court this appeal is prosecuted by the defendant.

The conversion count No. 1 was eliminated by the charge of the court. Demurrers of defendant to count 2 were sustained by the court. Counts 3 and 4 were submitted by the court to the jury. The demurrers of the defendant to these counts (3 and 4) were overruled by the court, and these rulings are assigned as error.

[1] It appears from each of these counts that plaintiffs were owners of the lumber; they delivered it to the defendant to be transported, and defendant wrongfully and without their consent issued and delivered the bill of lading for it to Hoyt Parker; and, after notice of this from plaintiffs, the defendant wrongfully delivered the lumber to the consignee in the bill of lading. It also appears from these counts that Hoyt Parker was the purchaser of this lumber from plaintiffs, but under their agreement the bill of lading for it was not to be delivered until the purchase price was paid, and the purchase price was never paid to plaintiffs. Each count alleges facts showing a duty owing plaintiff by the defendant, a breach of that duty by the defendant and a loss therefrom to plaintiffs.

[2, 3] The lumber belonged to the plaintiffs; it was delivered by plaintiffs for trans-

portation to the defendant; they were shippers of the lumber; and the defendant owed plaintiffs a duty to receive instructions from them as to the consignee and point of destination and to issue and deliver to them a bill of lading for it. This duty was breached by the defendant. Defendant issued and delivered the bill of lading for the lumber to Hoyt Parker, the purchaser, wrongfully and without the consent of the plaintiffs, and then wrongfully and without consent of the plaintiffs delivered the lumber to the consignee named in the bill of lading. The plaintiffs and Hoyt Parker agreed the bill of lading was to be retained by plaintiffs and not delivered to the purchaser, Hoyt Parker, until the price for it was paid. It was not necessary for plaintiffs to aver defendant knew of the conditions of the sale of the lumber to Parker before the bill of lading was issued and delivered; the defendant had no interest in the sale or its conditions. The purchase price has not been paid to plaintiffs. These counts (3 and 4) each state a cause of action against the defendant, and the court did not err in overruling the demurrers of the defendant. Section 5546, Code 1907; Michie Dig. vol. 2, p. 635; 6 Cyc. 419.

[4] The defendant pleaded in short by consent the general issue with leave to give in evidence any matters that might be specially pleaded with like leave of reply on the part of the plaintiffs.

The court refused to give to the jury the following written charge lettered D, requested by the defendant:

"The court charges the jury that if they believe the evidence in this case the plaintiffs are not entitled to recover and your verdict should be for the defendant."

It is assigned as error. Did the court err in refusing to give this charge to the jury? If we can from the evidence answer this question affirmatively, then there will be no necessity for us to consider the other errors assigned and argued.

The plaintiffs on February 9, 1921, made written application to the defendant at Greenville, Ala., for "1 36-ft. car for lumber to Chicago, Ill.," and "1 36-ft. car for lumber to Louisville, Ky."

E. A. Williams, one of the plaintiffs, testified as follows:

"I ordered the cars from young Mr. Herman Kern, agent up at the freight depot. I first wrote an order for a car to ship a car to Chicago and then the other to Louisville and Mr. Lewis said that if it was going to Chicago we can't give you a car until we know whereabout in Chicago. I said: 'I will go back and see Mr. Parker as to that one car.' Mr. Parker bought the lumber. I saw Mr. Parker, and asked him what point he wanted this lumber to go to. He told me 1030 Parker Street, Chicago, and then went back to the depot and wrote an additional order. Mr. Parker did not go with me to the depot. No one accompanied me.

I gave no instructions at that time about the bill of lading. The bill of lading was not mentioned at all. Nothing was said about it. I just wanted the cars at that time."

The plaintiffs made a second written order to the defendant on February 9, 1921, as follows: "1 36-ft. car for lumber to Hoyt Parker, No. 1030 Parker street, Chicago, Ill., 1 36-ft. car for lumber to Hoyt Parker, Louisville, Ky." The defendant then turned over to plaintiffs two cars. The lumber was checked by Hoyt Parker, and plaintiffs and laborers placed it in the cars. The cars were sealed. Hoyt Parker went then to this agent of defendant and received and had issued to him two bills of lading for these cars. Each contained the name of Hoyt Parker as shipper or consignor. One car, "L. & N. No. 9132," was consigned therein to Norman Lumber Company of Louisville, Ky., and the other car, "P. L. No. 516399," was consigned to John Hansen Lumber Company, of Chicago, Ill.

Thereafter, on February 10, 1921, Hoyt Parker drew and signed a 10 days' sight draft for $623.61 in favor of Williams Bros. on himself at 311 City Bank Building, Mobile, Ala. In the body of the draft was written the following: "In full payment cars L. & N. No. 9132 and P. L. 516399." He gave this sight draft to plaintiffs. They borrowed $23 on it from a Mr. Dunklin to pay the laborers for loading the lumber into the cars. Afterwards plaintiffs secured the draft from Mr. Dunklin, indorsed it, and placed it in a bank for collection. It was presented to Hoyt Parker on February 16, 1921, and he marked on it, accepted that date, and signed his name. The draft was never paid. On February 12, 1921, plaintiffs called on the agent of the defendant for bills of lading for the cars. The agent informed him they had been issued and delivered to Hoyt Parker. Mr. Williams, one of the plaintiffs, informed him that he did wrong; he should have given it to them; that the bill of lading was to be delivered to Parker when the price for the lumber was paid to them. The agent testified he told Mr. Williams if he would sign a paper stating:

"Hoyt Parker did not have any authority to get bill lading for L. & N. 9132 and P. L. 516399 poplar lumber—Hold the two cars until released by us,"

—that the cars were there unmoved on the tracks, and the defendant would hold the cars. The plaintiff declined to sign the paper, and the cars were shipped in accordance with the bill of lading. One of the plaintiffs testified the agent informed him if he signed the paper and stopped the cars that he would have to pay demurrage, and "that he did not feel disposed to stop the cars on his mistake and then pay demurrage." The agent testified no demurrage was mentioned, or would have to be paid under such circumstances. Thereafter, on the same

day, after the cars were loaded, as testified by Mr. Williams, one of the plaintiffs:

"Mr. Parker asked us to accept the 10 days' sight draft. He said it would be all right to accept it and send the bill of lading with it and send it to Mobile; that it would be ample time, and send it to Mobile in 10 days and it would be accepted."

He further testified that he did not know that the bill of lading was at that very time in the possession of Hoyt Parker. After Hoyt Parker had accepted the 10 days' sight draft on February 16, 1921, and after the expiration of the ten days and after the draft was returned unpaid by the bank to plaintiffs, E. A. Williams, one of the plaintiffs, took the draft to attorneys—to use the language of the witness—"for advice and if necessary to collect it for me, if possible," and "they advised me * * * they would send it to a partner who was a colleague of his at Mobile, a Mr. Leigh, and have him to bring suit on it."

On March 26, 1921, the plaintiffs in this case by their attorneys commenced suit on the sight draft for the $623.61 against Hoyt Parker in the Mobile circuit court. Summons in that suit was executed on the defendant on March 28, 1921, and on the 9th day of May, 1921, plaintiffs obtained judgment on the draft for $634.67 against Hoyt Parker, the defendant, and cost of court in the circuit court of that county. Execution issued on the judgment May 30, 1921, and it was returned with no property found indorsed thereon by the sheriff of the county on May 31, 1921. This suit by the plaintiffs against this defendant, L. & N. R. R. Co., was commenced on May 27, 1921, after the plaintiffs obtained judgment against Hoyt Parker, on the draft on May 9, 1921.

[5] It affirmatively appears, and without dispute, in the record, that plaintiffs had full knowledge of the facts that the bills of lading were issued and delivered for the lumber by the defendant to Hoyt Parker as shipper or consignor to consignees named by him and that the lumber was shipped under these bills of lading. After obtaining this knowledge the plaintiffs placed the 10 days' sight draft given to them, and accepted by Hoyt Parker, for the purchase price of the lumber in the bank for collection, and when it was returned by the bank, unpaid, plaintiffs placed it in the hands of attorneys for collection, knowing suit would be filed thereon. Plaintiffs, through their attorneys, instituted suit on the draft, and prosecuted it to judgment before the instant case was commenced. The plaintiffs by these acts, with that knowledge of the facts, conclusively elected to treat Hoyt Parker as a purchaser of the lumber, abandoned their claim of ownership in the lumber, and waived thereby their right to prosecute and maintain this suit for the alleged tort committed by the Louisville & Nashville Railroad Company in issuing and delivering the bills of lading for the lumber to Hoyt Parker. The plaintiffs could not treat the lumber as having been sold by them to Hoyt Parker and also as remaining their property.

[6] The plaintiffs, by suing Parker for the purchase price for the lumber, its value, as represented by the draft given them for it by Parker and prosecuting it to judgment with full knowledge of the facts that the Louisville & Nashville Railroad Company issued and delivered the bills of lading for it to Parker, thereby ratified the act of the Louisville & Nashville Railroad Company in delivering the bills of lading to Parker. Lytle v. Bk. of Dothan, 121 Ala. 215, headnote 9, 26 South. 6; Moseley v. Wilkinson, 24 Ala. 411; Firemen's Ins. Co. v. Mobile, etc., Co., 27 Ala. 228; Fowler v. Savs. Bk., 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479; Butler v. Hildreth, 5 Metc. (Mass.) 49.

The plaintiffs under the undisputed evidence in this case by their acts, after knowledge of the facts, as hereinbefore shown, waived their right to maintain this suit for the tort alleged against this defendant, and the trial court should have given the general affirmative charge requested by the defendant.

For this error the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.